**Harold McCLENDON et al., Plaintiffs,**

**v.**

**Thomas E. ROSETTI, Individually and as Police Property Clerk of the City of New York, Defendant.**

**No. 70 Civ. 3851.**

United States District Court,
S. D. New York.

Jan. 31, 1974.

Kalman Finkel, The Legal Aid Society, New York City, for plaintiffs; He-

laine Barnett, Allan L. Gropper, Elaine C. Buck, New York City, of counsel.

Norman ·Redlich, Corp. Counsel, New York City, for defendant; Paula J. Omansky, New York City, of counsel.

## MEMORANDUM

LASKER, District Judge.

On April 16, 1972, the Court of Appeals in McClendon v. Rosetti, 460 F.2d 111 (2d Cir. 1972) reversed the late Judge McLean's dismissal of this suit, and ruled that the New York City ordinance which it attacks was unconstitutional as applied here. Plaintiffs are persons whose property had been held by the Police Property Clerk of New York City subject to the provisions of the City's Administrative Code § 435–4.0 (Supp.1971). The facts are not in dispute. Five of the plaintiffs and intervenors had property taken from them at the time of an arrest; the property of two others was seized at the time of the arrest of a family member. The property in toto consisted of three automobiles, approximately $5,000. in cash, and various personal items such as a watch and a wallet. All of it was turned over in accordance with the ordinance to the defendant, the Police Property Clerk of the City. After each of the plaintiffs and intervenors was acquitted of the criminal charges which were the basis for the seizures, or convicted of a charge unrelated to possession of the property, each party made a timely demand for return of his property and gave the defendant a statement from the District Attorney that the property was no longer needed as evidence. Nevertheless, the defendant refused to return the property and notified the claimant that, under the ordinance, each must institute a civil suit to reclaim his property.

Plaintiffs brought this suit to declare the ordinance unconstitutional. They claimed it gave the Police Property Clerk arbitrary power "over the handling and disposition of property (1) taken from arrested persons or prisoners, (2) suspected of being the proceeds of crime or used unlawfully, (3) required as evidence in any criminal action or proceeding, or (4) which is contraband." (McClendon, supra, at 113.)

The Court of Appeals held that the ordinance violated the due process clause of the Fifth and Fourteenth Amendments:

> "as applied to persons from whose possession money or property, other than contraband, has been taken or obtained, though such money or property was not related to any criminal proceeding, or if it was so related, such criminal proceedings had been terminated, or if the money or property had been needed as evidence in a criminal proceeding, it was no longer needed for that purpose . . .". (McClendon at 116).

The Court remanded the case to Judge McLean for the purposes, among others, of "formulating any necessary injunctive relief to avoid further perpetuation of the practices and procedures hereby declared unconstitutional."

On August 1, 1972, Judge McLean filed an interim order on consent pursuant to the mandate of the Court of Appeals. The interim order disposed of all issues except one which remains, and which is the subject of the present proceeding. That issue, of which the court retained jurisdiction because the parties disagreed as to the interpretation of the Court of Appeals' decision on the point is stated at paragraph 11(a) of the interim order as:

> ". . . which party, the claimant or the Police Property Clerk, must initiate a lawsuit, and . . . at which point the Police Property Clerk must bear the burden of establishing that the property or money is stolen property or money or the proceeds of crime or that the claimant stole the property or money."

Not surprisingly each side claims that the other is obligated to initiate suit to regain or retain the property as the case may be.

It is defendant's position that the provision of § 435–4.0 of the Code which requires a claimant to prove his title by instituting a civil action to recover property or money in the custody of the Police Property Clerk is constitutional on its face. In support of his contention, defendant cites earlier New York State cases such as Carr v. Hoy, 2 N.Y.2d 185, 158 N.Y.S.2d 572 (1957) and Hofferman v. Simmons, 290 N.Y. 449, 49 N.E.2d 523 (1943) which found the provision to be constitutional and based on public policy of the State. Defendants argue that "the requirement that a citizen bring suit to recover property held by a governmental official [is not] an outmoded aberration of the New York Courts, as the Court of Appeals seems to consider it," citing *McClendon* itself, 460 F.2d at 113, fn. 4, and cites Warden v. Hayden, 387 U.S. 294, 308, 87 S.Ct. 1642, 18 L.Ed.2d 782 (1966) as authority for the proposition that the Supreme Court has "recognized the continuing validity of this principle". The argument seems to contain an implied invitation that we overrule the Court of Appeals; an invitation which we must, of course, reject. The question before us, at least in the first instance is whether, as defendant himself appears to admit, the Court of Appeals considered the ordinance's procedure to be "an outmoded aberration" or not. If it did, that is the end of the matter; if not then, and only then, do the rulings of New York Courts, or even the Supreme Court, come into play. It is true that, as defendant argues, the Court of Appeals found the ordinance to be unconstitutional only as applied, and not on its face. Defendant urges us not to "extend" the Court's holding; and, of course, we cannot, since we are merely carrying out its mandate. The question which remains however, is the scope of that mandate: did its ruling find the ordinance unconstitutional as applied to the facts here?

Plaintiffs argue that it did, and that the Court's holding requires us to impose on the Police Property Clerk the burden of suit to retain the property if he has reason to believe it should not be returned. Plaintiffs properly point to the language of the Court of Appeals' decision which orders us to formulate an injunction which will "avoid further perpetuation of the practices and procedures hereby declared unconstitutional", and contend that to require them to sue to recover their property would, in the circumstances, precisely perpetuate the very practices which have been outlawed. We agree. To permit the Police Property Clerk to refuse return of plaintiffs' property at his own discretion, and with no standards by which to make the decision (and he admits in his affidavit submitted on this application that he knows of none) would be to engrave in stone the procedures which, as we read it, the Court of Appeals' decision invalidated. Furthermore, the whole thrust of the Court of Appeals' opinion (see particularly 460 F.2d pp. 113–114) was that, in the instances in which it found application of the ordinance to be unconstitutional, the claimant was entitled to the *use* of his property—unless it was contraband; and the right to possession of contraband is not at issue here, since the plaintiffs agree that it is clearly excepted from the court's ruling. Yet to require plaintiffs to sue to recover the property seized from them would certainly postpone the time when they regained its use.

Moreover, cases decided since the Court of Appeals issued its mandate, have gone even farther than earlier rulings in holding that it is rarely appropriate to require an individual to bring a replevin suit—as suggested by defendant—to obtain a constitutionally guaranteed hearing as to whether he has the right to possession of property. See Fuentes v. Shevin, 407 U.S. 67, 92 S.Ct. 1983, 32 L.Ed.2d 556 (1972). Nor is this a situation in which a third party has made a claim to the property, a case in which even the plaintiffs agree that the defendant may retain the property as stakeholder or deliver it to a court

for disposition by an interpleader proceeding.

Plaintiffs here and members of their class are generally likely to fall within the group described by the *Fuentes* court as "uneducated, uninformed consumer with little access to legal help and little familiarity with legal procedures." 407 U.S. at 83, n. 13, 92 S.Ct. at 1995. Nothing in the Court of Appeals' opinion leads us to believe that the Court intended to impose the burden of initiating litigation on persons with such practical disabilities; to say nothing of the added obstacle which apprehension of suing the City or police officials might constitute to people so situated. The cost of suit—if we need to consider such factors, which we do not, since we are merely construing the Court of Appeals' opinion—also weighs against requiring suit by those in the plaintiff class. For example, intervenor Lawery seeks only to recover $29.50 which was on his person when he was arrested. Can it be seriously argued that he should be required to sue for a sum which, although important to him, is clearly minimal in relation to the cost of suit? On the other hand, the cost to the City of instituting suit will not constitute any serious burden in relation to its resources.

Indeed, as we see it, the Court of Appeals quite clearly ruled (460 F.2d at 115) that the ordinance was "fatally deficient" because "The burden of proof in any civil action is expressly put upon the claimant 'from whose possession such property or money was taken or obtained or any other claimant' to 'establish that he has a lawful title or property right in such property or money and lawfully obtained possession thereof and that such property or money was held and used in a lawful manner.' "

■ Accordingly, we find that the Court of Appeals' decision requires us to order the defendant to return property to members of the plaintiff class (i. e., those who fall within the categories specified in the last paragraph of the Court's opinion) upon timely demand of the person from whom the property was seized (or his duly authorized representative) together with a release from the District Attorney, except where the Police Property Clerk or other authorized person within ten days of such demand initiates a lawful forfeiture or other similar proceeding which seeks to justify the State's continued detention of the property.

We do not deal here with plaintiff's claim that we should also enjoin the practice of paying into the Police Pension Fund the proceeds of unclaimed property, since it is not entirely clear to us at this writing whether the Court of Appeals intended that this court should enjoin that procedure, and the defendant has not commented on the issue, which is not necessarily covered by paragraph 11 of the Interim Order. We reserve decision on this issue for further discussion with counsel.

■ There remains for determination the question whether defendant should be ordered to pay interest on the property detained by him since the time they demanded its return. We believe it inappropriate to order the payment of interest, since the property has been held during a period in which defendant had reason to believe in good faith that he need not return plaintiffs' property until they succeeded in a suit brought by them to establish their right to possession.

In sum, we agree with plaintiffs that if, in the circumstances described in the Court of Appeals' opinion and above, defendant or his successor wishes to retain property seized from a member of the plaintiff class after proper demand for its return, he may do so only if he timely institutes a proper suit to justify the further detention, but we hold that defendant is not chargeable for interest to date. We reserve decision as to whether payment of the proceeds of unclaimed property to the Police Pension Fund should be enjoined.

Submit order on notice.