**Charles COOPER, Plaintiff,**

v.

**POLICE PROPERTY CLERK OF the CITY OF NEW YORK, and Eugene Gold, District Attorney of Kings County, Defendants.**

**No. 74 C 916.**

United States District Court, E. D. New York.

July 7, 1976.

Charles Cooper, pro se.

W. Bernard Richland, Corp. Counsel, New York City by Saul Bernstein, Acting Corp. Counsel, for defendant Property Clerk.

George A. Weiler, New York City, for defendant Gold.

## MEMORANDUM AND ORDER

PLATT, District Judge.

### PRELIMINARY STATEMENT

Plaintiff brought this civil rights action to recover $1,000 which he alleges is illegally retained by one of the defendants, the Police Property Clerk of the City of New York.

It appears that upon his arrest on February 27, 1973, for reckless driving, plaintiff offered the arresting officer $1,000 to drop the charges. He was indicted for bribery and reckless driving, and was convicted of the former offense upon a plea of guilty in Kings County Supreme Court on July 24, 1973. That same day he was sentenced to a prison term of not more than four years.

At the time of the arrest, plaintiff's $1,000 was confiscated. According to his "Affidavit in Support of Civil Rights Complaint," submitted by plaintiff in this action on June 19, 1974, plaintiff requested the return of his money on April 16, 1974. On the same day he requested a release from the defendant District Attorney of Kings County. Since all information before this Court indicates that plaintiff's criminal proceedings ended on the day of his sentence, it follows that these requests were made almost nine months after the end of his criminal proceedings.

### DISCUSSION

#### I

Plaintiff claims that since the defendant Property Clerk has never initiated forfeiture proceedings concerning the $1,000, he is entitled by the terms of the opinion of the Court of Appeals in *McClendon v. Ro-*

*setti,* 460 F.2d 111 (2d Cir. 1972), and the opinions of Judge Lasker in the same case after remand to a return of the money, and further claims that the failure to return the money is a violation of his civil rights.

The Court of Appeals declared in *McClendon* that certain New York City Administrative Code provisions establishing procedures for the return of seized property were, as applied to claimants of money or property other than contraband, unconstitutional under the Fifth and Fourteenth Amendments. The essential shortcoming of the Code provisions, as established in the Court of Appeals decision and developed by Judge Lasker on remand at 369 F.Supp. 1391 (S.D.N.Y.1974), was that they forced claimants to initiate proceedings, in which they bore the burden of proof, before they could recover property.

On July 15, 1974, after further consideration, Judge Lasker issued an unreported opinion which mandated the use of certain procedures by the Property Clerk in dealing with seized property other than contraband. Such property must now be inventoried at the time of arrest, and a voucher given to the accused. Upon receipt of a timely demand for return of property accompanied by the voucher and a release from the District Attorney indicating that the property is no longer needed for a criminal proceeding, the Clerk must release the property, unless within ten days he brings a forfeiture proceeding on the grounds that the property was unlawfully obtained, was stolen, was the proceeds of a crime, or was the instrumentality of a crime. A demand is for these purposes "timely" if made by the claimant in writing within ninety days of the termination of the relevant criminal proceedings. If the claimant is imprisoned, the same ninety day period applies but the claimant may have an additional ninety days after acknowledgment of his demand to submit the release from the District Attorney. If no timely demand is made, i. e., when ninety days have passed after the termination of the relevant criminal proceedings, the property may be disposed of by the Property Clerk pursuant to law.

II

■ Plaintiff's suit against the District Attorney for Kings County is based on that defendant's failure to provide a release when plaintiff requested one on July 19, 1974. The District Attorney has since provided a release. Further, as will be indicated below, the failure to provide a release immediately did not itself cause plaintiff to be unable to recover his $1,000 or otherwise injure him or deprive him of civil rights. It follows that plaintiff states no claim against this defendant.

III

Plaintiff's claim against defendant Property Clerk is that under *McClendon* he is entitled to return of the $1,000 because he made a demand for it and the Property Clerk did not thereafter begin a forfeiture action. He takes this position even though the $1,000 was the bribe offered by plaintiff and the instrumentality of a crime, and even though any claim he could make in a forfeiture proceeding would therefore be frivolous. He thus maintains that he had a right to a day in court before any forfeiture, even if only so that he could take a frivolous position. He further asserts that the Property Clerk denies him due process and therefore his civil rights when he fails to return the money in the absence of a forfeiture contest, and that since a forfeiture contest is now barred by Judge Lasker's ten day time limit the only remedy is the return of the money.

■ Even assuming, however, that claimants are, as plaintiff contends, entitled to a proceeding in which they can make frivolous arguments, plaintiff too is bound by Judge Lasker's time limits. He made no demand for the $1,000 until more than eight months had passed after his sentencing (as defendant Property Clerk points out in his Third Affirmative Defense), and plaintiff's demand was therefore not timely. Upon the expiration of the ninetieth day after his sentencing, plaintiff lost his right to demand his day in court.

■ That such a loss is not itself arbitrary and thus a due process violation is suggested by the Court of Appeals in *McClendon,* 460 F.2d at page 113, where the Court carefully indicates that all plaintiffs before it *had* made timely demands on the Property Clerk, and by Judge Lasker, who, as indicated, also endorsed the time requirement.

*Nor* does the fact that Judge Lasker's adoption of a ninety day rule came only in July, 1974, justify plaintiff's failure to make a demand in 1973. In adopting the ninety day limit, Judge Lasker simply continued—and lent validity to—the three month limit that had been provided under the City's previous regulation (New York, N. Y., Administrative Code § 435–4.0(e)). The Code provisions gave plaintiff notice in 1973 that he was required to file a claim within that three month period. In other words, the decisions of Judge Lasker and the Court of Appeals invalidate the application of the other Code provisions only as to the claimants who make timely demands, with timeliness measured as always against a ninety day limit. Those, like plaintiff, who do not make timely demands in accordance with the Code provisions must look elsewhere for relief.*

Further, plaintiff appears to have been an actual member of the class whose rights were adjudicated in *McClendon* : in Judge Lasker's words, the class included, among others,

> "all persons from whose possession money or property, other than contraband, is taken or obtained . . . if it was [related to criminal proceedings but] such proceedings were terminated, . . . which property or money is or was, on or subsequent to September 3, 1970 . . in or subject to the possession, custody or control of the Police Property Clerk." *McClendon v. Rosetti,* 70 C 3851 (S.D. N.Y. July 15, 1974).

We have been shown no justification for granting this member of the class relief not

granted to all, and both Judge Lasker's opinion of January 31, 1974, 369 F.Supp. 1391, and that of July 15, 1974, reveal that he believed it appropriate to maintain the requirement that members of the class make a timely demand.

Finally, the ninety day limit for what amounts to a claim against a municipal agency is by no means unusual. It is in fact the period, provided in New York State's General Municipal Law § 50–e and § 50–i, in which notice of claim must be filed with a municipality in tort cases. To this Court's knowledge, this ninety day period has never been held too short to satisfy the requirements of due process, although of course we note that claim limitation periods for tort allegations against a State subdivision could be said to stand in a different position from claim limitation periods for allegations of wrongful retention of goods.

We must conclude that plaintiff's papers, which on their face indicate that plaintiff made no timely demand for return of the $1,000, fail to state a claim against the Property Clerk upon which relief can be granted. They do not indicate that plaintiff's civil rights have in any way been denied. Accordingly, this Court can, even on its own motion, dismiss the complaint. Further, plaintiff was granted permission to proceed *in forma pauperis* in this action pursuant to 28 U.S.C. § 1915(a). We find it appropriate as well at this point to dismiss this action pursuant to § 1915(d), both as to the Property Clerk, and as to the District Attorney, whose failure to provide a release cannot be said to have done plaintiff any injury.

## IV

It follows that the complaint must be, and hereby is, dismissed against both defendants pursuant to Rule 12 of the Rules of Civil Procedure and pursuant to 28 U.S. C.A. § 1915(d).

SO ORDERED.

---

\* We need not decide today what notice is required before those unaware of the seizure of their property or of the end of criminal proceedings can be foreclosed from asserting their rights.