OPINION OF THE COURT
Richard S. Lane, J.
In this action against the police property clerk, plaintiff seeks summary judgment, and defendant cross-moves to dismiss because of the absence of a release from the District Attorney.
Plaintiff’s assignor was arrested along with three other men. He was charged with illegal possession of a controlled substance while the three other men, on his complaint, were charged with robbery. He stood trial and was acquitted. Subsequently he assigned to plaintiff not only his claim to the money taken from him at the time of his arrest. ($289), but also his claim to the money and personal property taken from the three other men, allegedly the proceeds of the robbery from him.
One of the three other men has pleaded to a lesser degree of robbery and is serving a probation sentence. A second is in custody but there has been no disposition of his case. The third jumped bail and his whereabouts are presently unknown.
*1019 Request has been made of the District Attorney to issue a release for the property, but he has responded with silence. Defendant asserts that the absence of the release is a fatal defect citing the injunctive relief fashioned by Judge Lasker in McClendon v Rosetti (369 F Supp 1391, on remand from 460 F2d 111), wherein section 435-4.0 of the Administrative Code of the City of New York was declared unconstitutional as applied to a certain class of claimants.
Defendant has misread the McClendon case. On due process grounds it declared new procedural law shifting the burden of proof in certain cases. It did not, however, declare new substantive law — it did not add to the elements of a claimant’s cause of action. A District Attorney’s release is not referred to in either subdivision f or g of section 435-4.0. A District Attorney’s release as such was not a prerequisite of a claimant’s cause of action prior to McClendon nor is it afterwards.
All of the plaintiffs in McClendon had in fact obtained a District Attorney’s release, and, in mandating submission of such release, Judge Lasker was merely using it as a shorthand proof of the existence of conditions establishing the class as set forth by the Court of Appeals in the Second Circuit, to wit: the property taken from claimants was not contraband and was no longer needed as evidence. Under those conditions, pursuant to Judge Lasker’s order, a duty arose requiring the property clerk to return property to claimants on demand unless, within 10 days from demand, the property clerk himself instituted an action or proceeding to justify his continued retention of property.
Here, precisely because he does not have a District Attorney’s release, plaintiff does not rely on McClendon v Rosetti (supra). He has not commenced a CPLR article 78 proceeding after refusal by the property clerk to return property, in which proceeding the absence of a District Attorney’s release would have been fatal. He has rather followed the traditional route by commencing his own plenary action. And, at least with respect to the money taken from his assignor, he has adequately proven his case. He has shown by virtue of the acquittal that the *1020 money is not contraband and is no longer needed as evidence. Indeed these facts are not even controverted.
Just as clearly, however, plaintiff has not adequately proven his case as to the money and property taken from the three other men. The robbery cases against 2 out of the 3 are still open, and furthermore, there are issues of fact as to whom the property belongs. Even if there were a robbery (which has not yet been found by any court and there is not even an affidavit from plaintiff’s assignor), it cannot be assumed that the robbers came with completely empty pockets. Perhaps the property clerk would be well advised to seek to interplead the other three men.
Defendant also asserts failure to file a notice of claim pursuant to sections 50-e and 50-i of the General Municipal Law. There is a serious question as to whether a conversion or replevin action is covered by the language of section 50-i; but see Clark v City of New York (98 Misc 2d 660). In any event, however, defendant’s assertion is belied by plaintiff’s allegation that he did so file and a letter from the Comptroller’s office acknowledging the claim.
Accordingly, plaintiff may have partial summary judgment in the amount of $289 together with costs and defendant’s cross motion is denied.