**Ronald HARRIS, T/N William E. Myers, Plaintiff,**

v.

**The CITY OF NEW YORK, Charles Brezny, P.O. Shield # 86164, William McBride, P.O. Shield # 31292, Defendants.**

**No. 79 Civ. 4077(MEL).**

United States District Court, S.D. New York.

Oct. 7, 1983.

Ronald Harris, T/N William E. Myers, pro se.

Frederick A.O. Schwarz, Jr., Corp. Counsel of the City of N.Y., New York City, for defendants; Evelyn Jonas, John P. Woods, Asst. Corp. Counsel, New York City, of counsel.

---

LASKER, District Judge.

Ronald Harris moves pursuant to Rule 15 for leave to amend his complaint. The motion is denied.

Harris' present *pro se* complaint alleges false arrest, use of excessive force by the arresting officers, and deprivation of property without due process of law, in violation of 42 U.S.C. § 1983. He seeks to amend his complaint to add the following claims, which he alleges have arisen during the course of pre-trial proceedings in this case: 1) that Assistant Corporation Counsel John Woods and Evelyn Jonas, who are representing the current defendants, tampered with mug shots taken at the time of Harris' arrest; 2) that clothing taken from him at the time of his arrest was illegally destroyed; 3) that facts were misrepresented and trial transcripts altered in the pre-trial memorandum of law submitted by defendants; 4) that Woods and Jonas refused to send Harris the 911 tape which recorded the victim's phone call to the police; 5) conspiracy among all defendants to do all of the above. Harris alleges that these actions violated his rights under various constitutional provisions, and seeks to increase his monetary claim to $25,000,000.

Harris wishes to add Woods and Jonas as defendants, as well as Mayor Edward Koch, F.A.O. Schwarz, Jr. (Corporation Counsel for New York City), Allen G. Schwartz (the former Corporation Counsel), the Commissioner of Police, the head of the Department of Central Booking in Manhattan, and the employees in charge of photography in that department.

■ The current complaint was filed in 1979. Discovery has been completed and the deadline set by the Court for filing motions, January 30, 1983, has long since passed. The case has been placed on the Court's ready calendar, and pre-trial materials have been filed. Although leave to amend should be "freely given when justice so requires," *see* F.R.Civ.Pr. 15, under the circumstances the lateness of the request and the frivolity of the proposed amendments sought by Harris warrant denial of the motion.

It is clear that granting Harris' motion would result in a substantial delay in the trial of a case which is already more than four years old. Adding Jonas and Woods as defendants would require them to withdraw from their representation of the current defendants, and new counsel would have to be assigned to and become familiar with the case. Moreover, the "claims" Harris wishes to assert against Woods and Jonas have nothing to do with the claims that are the subject of the current complaint, which relate simply to the circumstances of his arrest. Harris disagrees with the characterization of the facts put forward in defendants' memorandum of law, and therefore seeks damages from Woods and Jonas. The proper avenue for contesting the assertions of opposing counsel, however, is to contest them before the trier of fact, not to make them the subject of a separate cause of action. Harris' further claim, that mug shots were tampered with, is based on the fact that photos in his police file which were taken in connection with an earlier arrest were mistakenly sent to him by defendants' counsel as part of the exhibits which they intended to introduce at trial. When counsel discovered the mistake, copies of the correct mug shots were made and sent to Harris. *See* Woods Affidavit at ¶ 37. These circumstances provide no basis for a claim of tampering, even if it were otherwise appropriate to name opposing counsel as defendants. The same observations apply as to the employees of the Department of Central Booking whom Harris seeks to add as defendants.

■ As to Mayor Koch, the Police Commissioner, and the current and former Corporation Counsel, Harris' only allegation against them is that they hired Woods and Jonas and the Central Booking employees. However, there is no *respondeat superior* liability under 42 U.S.C. § 1983. *Monell v. Department of Social Services of the City of New York,* 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). "A trial court does not abuse its discretion in denying leave to amend a complaint which even as amended would fail to state a cause of action." *S.S. Silberblatt, Inc. v. East Harlem Pilot Block,* 608 F.2d 28 (2d Cir.1979).

■ Harris also seeks to assert a claim that clothing taken from him at the time of his arrest was illegally destroyed. However, Harris has not alleged that he made a demand for return of the clothing prior to December 30, 1982, when he served a discovery demand on defendants. Harris pled guilty in January 1979, and his Appellate Division appeal was denied on December 15, 1981. Under the guidelines established pursuant to this Court's opinion in *McClendon v. Rosetti,* 369 F.Supp. 1391 (S.D.N.Y.1974), a demand for the return of property is not timely if made more than 90 days after the conclusion of criminal proceedings. *See also Cooper v. Police Property Clerk of the City of New York,* 416 F.Supp. 49 (E.D.N.Y. 1976). In this case, the articles in question were destroyed on December 12th and December 18, 1982,[1] long after 90 days following the conclusion of criminal proceedings,

---

1. See Wood Affidavit, ¶ 24.

and before any demand had been made for them. Thus, it appears that this claim also fails to state a cause of action.

As to Harris' claim concerning the 911 tape, this Court has already ruled that the City may play the tape for Harris prior to the trial rather than send him a copy of the tape. *See* Endorsement of May 17, 1983.

Finally, the allegations of conspiracy by all newly-named defendants are entirely conclusory and do not state a cause of action.

The motion for leave to file an amended complaint is denied.

It is so ordered.