OPINION OF THE COURT
Stanley L. Sklar, J.
The issue presented is whether the time of the police property clerk to initiate a proceeding for a declaration that Brittan Madden is not the lawful claimant of an auto is tolled while the property clerk investigates the validity of a release of the auto issued by an Assistant District Attorney. This court holds that his time is not tolled during that investigation.
FACTS
Brittan Madden claims to be the owner of a 1975 Mercedes *1024 auto seized from him on September 29, 1987, when he was arrested for criminal possession of a dangerous weapon and criminal possession of a controlled substance. The auto was vouchered and delivered to the property clerk as property "suspected of having been used as a means of committing crime or employed in aid or furtherance of crime” (Administrative Code of City of New York § 14-140 [b]).
On November 13, 1987, Madden made a demand on the property clerk’s representatives at the Whitestone Auto Pound for return of the automobile. He received a "Property Clerk Division Acknowledgement of Demand” form dated that day. The demand was accompanied by a release from the Brooklyn District Attorney’s office, also dated the same day, which stated that the automobile was no longer required in the prosecution of the criminal action. The demand was refused.
A litigation file was opened at the Legal Bureau of the Police Department on November 17, 1987. On November 18, a lawyer who had been consulted by Madden called the office of counsel for the property clerk, and a discussion ensued as to the legitimacy of the release. Counsel for the property clerk called the District Attorney’s office on November 18 to ask about the release. Counsel was advised on December 7 that the release was authentic.
CONTENTIONS
The property clerk concedes that the law requires the commencement of a forfeiture proceeding within 10 working days after receipt of a timely and proper demand. He also concedes that if the November 13 demand was "proper”, this proceeding was not timely commenced. However, he advances the novel argument that the demand must "be deemed 'improper’ until such time as * * * [counsel] was convinced of its bona fides. ” Madden asserts that the demand was proper.
LAW
The Supreme Court of the United States has held that rights in property are basic civil rights. (Lynch v Household Fin. Corp., 405 US 538.)
The Second Circuit has held that the applicable Administra *1025 tive Code provision (§ 14-140 [f], formerly § 435-4.0 [f])* placing the burden of proof on the claimant to establish that the claimant has a lawful title or property right in the property and that the property "was held and used in a lawful manner” violates fundamental due process rights. (McClendon v Rosetti, 460 F2d 111 [1972].) That case was remanded to the Southern District Court for further consideration and implementation. Judge Lasker of the Southern District noted that claimants of seized property are likely to fall into the group described by the Supreme Court as " 'uneducated, uninformed consumer^] with little access to legal help and little familiarity with legal procedures.’ ” (McClendon v Rosetti, 369 F Supp 1391, 1394 [1974], citing Fuentes v Shevin, 407 US 67, 83.) Judge Lasker also noted that requiring claimants to sue would surely delay the time when they regained their property. (369 F Supp, supra, at 1393.) He accordingly held that the property clerk has the burden of instituting a forfeiture suit, rather than the claimant. The decision requires the property clerk to return seized property, other than contraband, "upon timely demand of the person from whom the property was seized * * * together with a release from the District Attorney, except where the Police Property Clerk * * * within ten days of such demand initiates a lawful forfeiture * * * proceeding”. (McClendon v Rosetti, 369 F Supp 1391, 1394.) In a subsequent order and letter, Judge Lasker set forth the time limitations for the forfeiture proceeding. A demand for return of the property must be made within 90 days after the issuance of a District Attorney’s release stating that the property is no longer needed as evidence or the termination of the criminal proceedings, whichever event is earlier. The property clerk has 10 working days after receipt of a timely demand accompanied by the District Attorney’s release in which to commence a forfeiture proceeding if he believes claimant is not a "lawful claimant” (see, Property Clerk, N. Y. City Police Dept. v Seroda, 131 AD2d 289). These time limitations have been held to apply when, as here, the claimant seeks the return of property by demand rather than through judicial intervention (see, Moreno v City of New York, 69 NY2d 432).
As noted above, the property clerk concedes that the proceeding, instituted on December 15, 1987, was brought untimely if the 10-working-day limitation began to run on the *1026 date of receipt of the demand on November 13, 1987. However, he urges that the limitations period should be tolled while the validity of the demand is under investigation and should only begin to run when the property clerk deems the demand to be proper.
The property clerk’s argument must fail. "To permit the Police Property Clerk to refuse return of * * * property at his own discretion,” would effectively vest untrammeled discretion in the property clerk to determine when to institute a forfeiture proceeding. (McClendon v Rosetti, supra, at 1393.) As in the McClendon case, this practice would doubtless delay (as it did here) the time when a claimant would be restored to possession of seized property.
Moreover, it is clear that the demand served was proper, in that it had an authentic release attached to it. Nothing about the demand or the release changed from the date when it was first served until the belated date when the authenticity of the release was confirmed. The argument that the release should have been in different form can be understood. However, the arguments can also be understood that any inquiry as to its authenticity should have been made upon receipt and should have received a prompt response. One can readily imagine a case in which a response would not have been forthcoming for months. If the property clerk questions the validity of a demand, his remedy is to follow the McClendon procedure and commence a forfeiture proceeding within 10 working days. Not having done so, this proceeding was belatedly commenced, so that the cross motion of Madden to dismiss the petition is granted. Madden is entitled to recover possession of the auto held by the property clerk under voucher No. A258145V.

 This case does not involve the application of Public Health Law § 3388, which also deals with forfeiture of certain seized property.