*155 OPINION OF THE COURT
David Goldstein, J.
Defendants move for leave to renew their opposition to the prior motion to permit the Marshal to take possession of a 1985 Dodge van, on which plaintiff holds a security interest pursuant to a retail installment agreement. On the original application, since no proof was adduced to establish that the vehicle was either contraband or the instrumentality of a crime, a necessary prerequisite to a proceeding to declare a civil forfeiture pursuant to Administrative Code of the City of New York § 14-140 (formerly § 435-4.0), the court directed defendants to release the vehicle to plaintiff. The prior papers had shed no light upon the facts pertaining to the underlying crime, the nature of the involvement of the vehicle or the status of the criminal proceeding.
In moving for leave to renew, defense counsel claims that the omission in the original submission resulted from the faihire of the Assistant District Attorney to fully cooperate in furnishing needed facts, in part because of a busy trial schedule, and counsel’s inability to secure relevant information without the voucher number of the property, which was not supplied by plaintiff.
It now appears that the vehicle was allegedly used by one Oret Spencer, who is not the owner and was not a party to the. retail installment contract, in an attempt to run down a police officer. The van is currently still being held as evidence in connection with the criminal prosecution against Spencer for reckless endangermept in the first degree and attempted homicide, which is scheduled for trial April 7, 1988.
Upon that basis, it is clear that the application to seize the property is premature, since the District Attorney has not released the vehicle pending trial of the criminal proceeding. There must be such a release before the Property Clerk may determine whether there is a basis to institute a forfeiture proceeding, which proceeding must be commenced within 10 working days following timely demand after the District Attorney’s release of the property (McClendon v Rosetti, 369 F Supp 1391, 1394; Property Clerk, N. Y. City Police Dept, v Seroda, 131 AD2d 289; Property Clerk, N. Y. City Police Dept, v Madden, 138 Misc 2d 1023). Such a proceeding must be on notice to the owner, Gladys Shaw, and the lienholder, who, to a great extent, is a real party in interest.
Upon oral argument, on the return date of the motion, *156 the Property Clerk contended that the 10-day period within which to institute a forfeiture proceeding applies only as to the owner, not to a secured party in the position of plaintiff. To the contrary, the 10-day forfeiture rule established in McClendon (supra) was to satisfy requisite due process criteria with respect to property alleged to be contraband or the instrumentality of crime. In my view, the same criteria should apply with equal force to require timely proceedings as against a secured party with a substantial security interest in the property, especially where, as here, the Property Clerk is on a notice of the lienholder’s interest in and claim to the property. To hold otherwise would improperly vest in the Property Clerk unfettered discretion to determine when to institute a forfeiture proceeding, which would unnecessarily delay adjudication of the parties’ rights in the property. This would be inconsistent with due process requirements. (Cf, Property Clerk, N. Y. City Police Dept, v Madden, supra.)
At this juncture, however, the relative rights of the parties to the property cannot be determined. It has been held that disposition of the criminal charges is not determinative of a civil forfeiture proceeding (Property Clerk of N. Y. City Police Dept, v Hurlston, 104 AD2d 312). In such a proceeding, the burden of proof is upon the Property Clerk to demonstrate that the property is contraband or an instrumentality of crime (McClendon v Rosetti, 460 F2d 111; Clay v McCabe, 56 AD2d 747).
However, these matters must await institution of appropriate proceedings after release by the District Attorney, which, here, has not yet occurred. When that does occur, the Property Clerk may, within 10 working days after demand, elect to return the vehicle or commence a forfeiture proceeding against the owner and the secured party, the disposition of which would, of course, be subject to plaintiff’s lien, since it clearly appears that plaintiff is an innocent third party, with no knowledge or involvement in the alleged crime. (See, Matter of Dillon v Reese, 93 Misc 2d 464 [where the court sustained forfeiture as against the owner, subject to the security interest of GMAC, who, it was held, was entitled to the balance due under its contract, to be paid by the District Attorney if it elects to retain the vehicle or, if sold, from the net proceeds of the sale]; see also, Santora Equip. Corp. v City of New York, 138 Misc 2d 631.) This same result should obtain here and should afford full protection to plaintiff to the extent of its security interest in the vehicle.
*157 Accordingly, defendants’ motion for leave to renew is granted and, upon renewal, the order of seizure, entered February 16, 1988, is vacated and set aside, the court’s memorandum decision, entered January 25, 1988, is recalled, and plaintiffs motion for an order directing the marshal to take immediate possession of the subject 1985 Dodge vehicle is denied, without prejudice to such further proceedings as the parties may elect to pursue in the future, upon the District Attorney’s release of the property, in accordance with this decision.