*834 OPINION OF THE COURT
Juanita Bing Newton, J.
The defendant, Greg Gully, moves this court pursuant to CPLR 3211 (a) (5), (7) to dismiss the forfeiture action which was brought by the plaintiff, the Property Clerk of the New York City Police Department, on the grounds that: (1) the Statute of Limitations set forth in Public Health Law § 3388 had expired prior to the commencement of the action, and (2) the complaint fails to state a cause of action as required by CPLR 1311 (5) because the complaint is unverified. The plaintiff, on the other hand, submits that Administrative Code of the City of New York § 14-140 is the appropriate procedural scheme to be applied in the instant forfeiture proceeding. For the reasons stated herein the court agrees with the plaintiff and denies the defendant’s motion.
The history of the instant case is briefly as follows. On December 9, 1988, the defendant Greg Gully was arrested for criminal sale of a controlled substance, a felony. At that time, a 1987 Mercedes Benz vehicle registered to Mr. Gully was seized as the instrumentality of criminality. That vehicle was ultimately delivered into the Property Clerk’s possession. The Property Clerk brought the instant forfeiture action seeking a judgment declaring forfeit said vehicle.
The issue before this court is to determine which of several competing statutory provisions governs the commencement of this forfeiture proceeding.
Public Health Law § 3388 (4) states that a forfeiture proceeding must be brought not later than 20 days after written demand by a person claiming ownership thereof. Application of CPLR 1311 (5) to a forfeiture proceeding requires that the action be commenced by the service of a summons with notice or a summons and a verified complaint. The form of the complaint is important to the case at bar because the forfeiture proceeding was commenced with the service of summons and unverified complaint on January 27, 1989. If CPLR article 13-A is controlling then the matter must be dismissed because the complaint is unverified, however, an opposite decision would result if the court relies upon Administrative Code § 14-140. Moreover, the statutory sections have different requirements vis-á-vis how the demand for return of the property is to be effected.
On December 27, 1988 George Gully, the defendant’s father, made a demand, albeit an improper one, for return of the *835 vehicle (see discussion below). Shortly thereafter, on January 14, 1989, the Property Clerk of the New York City Police Department received a signed notarized authorization from the defendant for his parents to claim the vehicle. The Property Clerk instituted a forfeiture proceeding and notified the defendant of same via personal service of a summons and unverified complaint on January 27, 1989. (Thirteen days after receipt of defendant’s notarized authorization.)
The court finds that the December 27, 1988 demand for return of the vehicle was improper inasmuch as the defendant’s power of attorney/authorization was not executed until January 3, 1989 and was not received by the Property Clerk until January 14, 1989. In situations akin to the one at bar an authorization and a District Attorney’s office property release are essential for a proper demand. (See, McClendon v Rosetti, 369 F Supp 1391 [SD NY 1974].) Specifically, a written demand to the Property Clerk for return of the vehicle by an incarcerated claimant must be accompanied by an assignment of a duly authorized representative and a District Attorney’s property release form. It is this authorized representative who formally makes the written demand for return of the property. Therefore, in the court’s opinion in this case the demand was not properly made until January 14, 1989 inasmuch as the senior Mr. Gully lacked proper authorization to act until that time. Hence, the 20-day Statute of Limitations as set forth in Public Health Law § 3388 had not expired prior to the commencement of the action on January 27, 1989 with the personal service of the summons and complaint upon the defendant. Accordingly, the defendant’s motion to dismiss on the grounds of expiration of the Statute of Limitations should be denied.
The court finds equally unavailing the defendant’s argument that the complaint should be dismissed because it was unverified and thus in contravention to the provisions of CPLR article 13-A.
The doctrine of stare decisis guides the courts of our State. In keeping with this doctrine, this court is bound by the decision rendered by Judge Lasker in the seminal case of McClendon v Rosetti (supra). Principally, McClendon stands for the proposition that Administrative Code § 14-140 governs the commencement of a forfeiture proceeding where property other than contraband is taken from a person at the time of arrest. Notwithstanding the enactment of the CPLR article 13-A forfeiture statute, the McClendon decision is still control *836 ling. Indeed there have been subsequent pronouncements on the issue of the procedural scheme to be applied in forfeiture proceedings some of which have gone so far as to suggest the need for legislative action but which have specifically declined to overrule McClendon. (See, e.g., Property Clerk, N. Y. City Police Dept. v Seroda, 131 AD2d 289 [1st Dept 1987].)
Lastly, since it has been determined that the court should be guided by Administrative Code § 14-140 and not CPLR article 13-A, there is no requirement that the complaint be verified.
In conclusion, the court is unpersuaded by the defendant’s argument that CPLR article 13-A is the applicable statutory authority and finds meritorious the plaintiff’s contention that Administrative Code § 14-140 governs the commencement of forfeiture proceedings. Accordingly, the defendant’s motion to dismiss is denied in its entirety.