OPINION OF THE COURT
Eugene L. Nardelli, J.
Plaintiff Property Clerk of the New York City Police Department has brought an action for forfeiture of a 1987 Le Baron automobile owned by defendant Gerard Bauman. Plaintiff now moves for summary judgment, submitting affidavits of two police officers clearly showing that the automobile was used by Bauman in furtherance of a crime. Bauman has not attempted any showing that the automobile was not so used. Thus no issue of fact is raised as to the proscribed use.
Bauman alleges that the sole inducement for his entering a guilty plea to a charge of disorderly conduct was the promised release of the automobile by the People. That allegation is disingenupus, however. When a defendant charged with criminal possession of a controlled substance in the third degree is allowed to plead to a violation, his not being prosecuted for the greater crime is always part of the consideration of the plea. Given the nature of a District Attorney’s release *876 of property, such permission had to be a weightier consideration than the prospect of the release. Bauman was represented by counsel, who should have known that such release is a. routine procedural step taken when the property is no longer needed by the District Attorney as evidence; it merely allows a party to begin the process which will result either in return of his vehicle or its forfeiture; it does not foreclose that process (see, Chrysler Credit Corp. v Shaw, 139 Misc 2d 154, 156 [Civ Ct, Queens County]). The release here cautioned: "See forfeiture note on voucher.” The voucher noted: "Held for forfeiture proceedings.” Thus Bauman was on notice of what he was getting, namely, a release which did not purport to waive any rights which the Property Clerk might assert (Property Clerk of N. Y. City Police Dept. v Lanzetta, 157 AD2d 600 [1st Dept 1990]). Any compulsion to allow defendant to recover the car in the interests of justice (see, Property Clerk of N. Y. City Police Dept. v Ferris, 157 AD2d 602 [1st Dept 1990]) is not present here in light of the clear warnings in the release and voucher of the forfeiture proceedings.
Bauman’s position is without merit.
Chrysler Credit Corporation (CCC) has moved for an order (1) permitting it to intervene in the action; (2) directing that it be added as a party defendant; (3) directing the amendment of the summons and complaint; (4) allowing it to answer; (5) denying plaintiffs motion for summary judgment; (6) granting it summary judgment because of the District Attorney’s release; and (7) dismissing the forfeiture for failure to name it as a party defendant.
For reasons set forth above the sixth request in CCC’s cross motion is denied.
As to the seventh ground, it is uncontested that CCC does have a perfected security interest in the automobile. In January 1989, CCC instituted a replevin action in the Civil Court in Queens County to recover the car from defendant Bauman and the Property Clerk. Plaintiff Property Clerk thus had notice of CCC’s interest. CCC contends that by failing to name it as a party defendant in the instant action, plaintiff Property Clerk has omitted a necessary party and thus has failed to bring a timely forfeiture action. In Chrysler Credit Corp. v Shaw (supra, at 156), there is a dictum that the 10-day forfeiture rule established in McClendon v Rosetti (369 F Supp 1391, 1394 [SD NY]) applies "to require timely proceedings as against a secured party with a substantial security interest in *877 the property” where the Property Clerk is on notice. "To hold otherwise”, the court noted, "would improperly vest in the Property Clerk unfettered discretion * * * when to institute a forfeiture proceeding” (supra, at 156). That rationale implies, however, that the owner of the vehicle there had no interest in demanding the vehicle of the Property Clerk — perhaps she was already in default and had, in effect, dropped out of the case — which is not the case here. Bauman, having been in possession of the car and having demanded its return, the 10-day period was started and the Property Clerk had to begin his action within 10 days or surrender the property. Moreover, McClendon v Rosetti (supra) made it clear that it was only "carrying out [the] mandate” (supra, at 1393) and "merely construing the * * * opinion” (supra, at 1394) of the Second Circuit Court of Appeals in McClendon v Rosetti (460 F2d 111, 116), which applied to "persons from whose possession money or property * * * has been taken” (emphasis supplied). Thus the District Court ordered the Property Clerk to return property to those from whose possession it had been taken "upon timely demand of the person from whom the property was seized” unless a forfeiture proceeding should be started within 10 days (supra, at 1394). CCC was not in possession and was not the person from whom the property was seized. There is no requirement that the forfeiture proceeding be started within 10 days against the holders of security interests in seized property. CCC characterizes its replevin action in the Civil Court in Queens County as CCC’s demand for the property which necessitated its being named in the forfeiture action. That replevin action was instituted on January 10, 1989, however, before the release of the car by the People in February; it could not constitute a demand starting the relevant 10-day period (compare, Chrysler Credit Corp. v Shaw, supra). The seventh request in CCC’s cross motion is denied.
The first, second, third, and fourth requests in CCC’s cross motion are granted. The action involves the disposition of property, and CCC has shown that it may be adversely affected by the judgment. (CPLR 1012 [a] [3].) Its fifth request, for an order denying plaintiff’s request for summary judgment, is denied. The only interest subject to forfeiture here is Bauman’s (unless, as is not claimed by plaintiff, CCC permitted the car to be used as an instrumentality of crime). Nevertheless, this forfeiture proceeding is the appropriate forum in which to note and protect the rights of a secured party *878 (Santora Equip. Corp. v City of New York, 138 Misc 2d 631, 633 [Sup Ct, NY County]).
Plaintiffs motion for summary judgment that defendant Bauman may not lawfully possess, the vehicle, that plaintiffs custody and retention of the vehicle is lawful and proper, and that the vehicle be forfeited is granted to the extent, with respect to such forfeiture, of Bauman’s interest therein. If plaintiff elects not to sell the vehicle, plaintiff is directed to pay the balance due to CCC under its retail installment contract with Bauman. If plaintiff elects to sell the vehicle and the net proceeds of such sale are less than such balance, such net proceeds shall be paid to CCC. If the net proceeds are more than such balance, the balance due on such contract shall be paid to CCC (compare, Dillon v Reese, 93 Misc 2d 464, 466 [Sup Ct, Spec Term, Nassau County]). CCC contends, without affirming that it is undersecured, that if it is undersecured the Property Clerk will have little incentive to dispose of the vehicle at an adequate price. Forfeiture serves a significant government purpose, however, an interest which it would be unreasonable to subjugate to a lienholder’s interest in gaining immediate possession (see, Calero-Toledo v Pearson Yacht Leasing Co., 416 US 663, 679; Santora Equip. Corp. v City of New York, supra, at 633). That is especially true when any damage to the lienholder is as conjectural as it is here. And if CCC’s contract is undersecured, such fact arises from its credit policies, not from the forfeiture; its possible recourse against Bauman, which it denigrates, is what it had before the forfeiture. Bauman cannot be spared the consequences of his actions in order to better the prospects of such recourse.
Plaintiff Property Clerk’s motion is granted. The vehicle is declared forfeited.