■ PROPERTY CLERK OF NEW YORK CITY POLICE DEPARTMENT, Appellant, v BMW FINANCIAL et al., Respondents. [740 NYS2d 608] —Order, Supreme Court, New York County (Martin Shulman, J.), entered January 3, 2001, which granted defendants' motion to dismiss the action for failure to state a cause of action pursuant to CPLR 3211 (a) (7) and awarded costs and attorneys' fees to defendants for plaintiff's commencement of a frivolous action against them, unanimously modified, on the law and the facts, to provide that plaintiff may replead as against defendant Wilson and to vacate the award of attorneys' fees and costs, and otherwise affirmed, without costs.

The motion court properly dismissed this civil forfeiture action as against defendant BMW, the owner and lessor of the

subject vehicle, since BMW could not have known that defendant Wilson, the vehicle's lessee, would use the vehicle in the commission of a crime, as plaintiff alleges (*see, Property Clerk v Pagano*, 170 AD2d 30, 35-36). While the complaint was also properly dismissed as against defendant Wilson, the dismissal should be premised on the facial insufficiency of the complaint in view of plaintiff's failure to allege the specific acts justifying the forfeiture of the vehicle (*see*, Administrative Code of City of NY § 14-140 [b], [e] [1]), rather than on the circumstance that Wilson was never formally charged with any criminal offense in connection with the vehicle's use (*see, Matter of Property Clerk v Ferris*, 77 NY2d 428, 430-431). Accordingly, we affirm the complaint's dismissal as against Wilson, but with leave to plaintiff to re-plead as against Wilson, should it be so inclined. While the complaint is facially inadequate, we perceive no basis for the conclusion that this action was frivolously instituted and, accordingly, vacate the award of costs and attorneys' fees against plaintiff. Concur—Andrias, J.P., Saxe, Sullivan, Rosenberger and Friedman, JJ.