■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LAWRENCE GREEN, Appellant. [878 NYS2d 926]—Judgment, Supreme Court, New York County (Daniel P. FitzGerald, J.), rendered on or about June 18, 2008, unanimously affirmed. No opinion. Order filed. Concur—Andrias, J.P., Friedman, Buckley, Acosta and DeGrasse, JJ.

■ PROPERTY CLERK, NEW YORK CITY POLICE DEPARTMENT, Respondent, v DIONTE SMITH, Appellant. [878 NYS2d 726]—

Order and judgment (one paper), Supreme Court, New York County (Martin Shulman, J.), entered March 6, 2008, which, in a civil forfeiture action, granted plaintiff's motion for summary judgment, denied defendant's cross motion for summary judgment, and declared that defendant's vehicle be forfeited, unanimously reversed, on the law and the facts, without costs, the order and judgment vacated, the motion denied, the cross motion granted, and it is declared that plaintiff does not have any right of ownership or possession in the subject vehicle.

Defendant's communications with plaintiff's personnel gave plaintiff notice, by no later than the date the *Krimstock* hearing was convened, that defendant was seeking the return of his vehicle; thus, this action, commenced more than 25 days later, was untimely (38 RCNY 12-36 [a]; *see Matter of DeBellis v Property Clerk of City of N.Y.*, 79 NY2d 49, 58 [1992]). To the extent the Property Clerk may require a district attorney's release (38 RCNY 12-35 [d]), defendant's failure to provide one did not render his demand ineffective (*see Matter of Camacho v Kelly*, 57 AD3d 297, 298 [2008] [citing *DeBellis* at 58]). Similarly, to the extent the Property Clerk may require title when the seized property is a motor vehicle (38 RCNY 12-35 [f]), this cannot be understood as a required component of the demand; rather, it is a prerequisite to the release of the vehicle from police custody. In view of the foregoing, it is unnecessary to address the parties' other contentions. Concur—Andrias, J.P., Friedman, Buckley, Acosta and DeGrasse, JJ.