OPINION OF THE COURT
Martin Shulman, J.
Defendant Roy G. Ford (Ford or defendant) moves by order to show cause (OSC) to dismiss this civil forfeiture action pursuant to CPLR 306-b and 3211. Plaintiff, Property Clerk, New York City Police Department (plaintiff, NYPD or Property Clerk), opposes the OSC.
Brief Background
Pursuant to Administrative Code of City of NY § 14-140, plaintiff in this action seeks the forfeiture of a 2000 blue BMW B23i, a motor vehicle bearing vehicle identification number WBAAM3341YCA90455 (vehicle or BMW) as an instrumentality of a crime. NYPD police officers initially seized the vehicle on June 17, 2007 after arresting and charging defendant (the titled and registered owner of the BMW) with committing various Penal Law and Vehicle and Traffic Law violations. During the early morning hours of June 17th, the NYPD vouchered the BMW under Property Clerk invoice No. B167472 (see exhibit B to OSC).
Ford was subsequently arraigned on various charges including Vehicle and Traffic Law § 1192 (3) (a misdemeanor crime of operating a motor vehicle while intoxicated). On March 30, 2009, Ford pleaded guilty to Vehicle and Traffic Law § 1192 (3) (ArkinGallagher aff in support of OSC 114) and eventually received a District Attorney’s release[1] dated July 21, 2009 (exhibit C to OSC). On August 12, 2009, defendant made a formal demand to the Property Clerk for the return of his vehicle (demand), which receipt was preliminarily acknowledged (exhibit D to OSC). The following day, the Property Clerk issued a letter to Ford deem *303 ing the demand invalid because defendant allegedly did not submit a DA release.[2]
On September 9, 2009, plaintiff filed its summons and verified complaint (exhibit A to OSC) and purchased its index number. Thereafter, the Property Clerk attempted to complete service of process in December 2009, more than three months later when its process server served defendant’s wife, a person of suitable age and discretion (CPLR 308 [2]), at Ford’s dwelling place and/or place of abode on December 3, 2009 (Ford aff in support of OSC 1i 4), mailed the summons and verified complaint by first class mail to defendant at his last known residence (id. 1i 5) and then filed proof of service with the court on December 7, 2009 (exhibit G to OSC). Ten days later, on December 17, 2009, service was deemed to be complete.
Argument for Dismissal
The crux of defendant’s OSC is that plaintiffs belated service of process in accordance with CPLR 306-b warrants dismissal of this action, with prejudice. Amplifying this point, defendant contends that according to 38 RCNY 12-36 (a), plaintiff had to commence this action within 25 days after Ford filed his demand for the return of his BMW and provided plaintiff with the DA release.[3] Pursuant to CPLR 306-b, plaintiff was required to serve process no later than 15 days after the expiration of the 25-day statute of limitations. Utilizing the August 25th start date for statute of limitations purposes, Ford claims plaintiff would have otherwise had to commence this action no later than September 19, 2009 and complete service of process no later than October 14, 2009.[4] Defendant then points out that the Property Clerk obviously missed this statutory deadline *304 when plaintiff effectuated and completed service of process in December 2009; thus, the Property Clerk’s belated service of process mandates the dismissal of this forfeiture action and the immediate return of the BMW to defendant. To support his argument, Ford, inter alia, relies on appellate case law which views the 25-day time period to start a forfeiture action as a limitation period and refers this court to its own unpublished decision and order dated August 4, 2002 (exhibit I to OSC) captioned Property Clerk, N.Y. City Police Dept, v Perez (Sup Ct, NY County, Aug. 5, 2002, Shulman, J., index No. 404764/00 [Perez decision]).
Plaintiffs Opposition
Plaintiffs argument in opposition is rather straightforward: viz., defendant cannot demonstrate any “judicial, statutory or legislative history indicating that this aforementioned twenty-five (25) day rule codified in [38] RCNY § 12-36 is in fact a statute of limitations” as traditionally defined (Abraham opposing aff 1i 11) and, therefore, plaintiff properly relied on the standard 120-day period to serve process (i.e., here service was effectuated no later than December 7, 2009 — 89 days after plaintiff filed its summons and verified complaint). And to rebut defendant’s statute of limitations defense, the Property Clerk cites to another unpublished decision and order this court issued on April 8, 2009 captioned Property Clerk, N.Y. City Police Dept, v Bogdanovic (2009 NY Slip Op 30884[U] [Sup Ct, NY County, Apr. 8, 2009, Shulman, J., index No. 401848/08] [Bogdanovic decision]), which appears to have rejected the statutory interpretation of 38 RCNY 12-36 (a) Ford is advancing for dismissal of this action.
Discussion
As recounted in the Bogdanovic decision (2009 NY Slip Op 30884[U], *3), the impetus of federal case law led to the eventual codification of procedures for commencing forfeiture actions pursuant to Administrative Code § 14-140:
“The time in which the Property Clerk must commence a forfeiture action has been established in accordance with the decisions in McClendon v. Rosetti, *305 460 F.2d 111 (2nd Cir., 1972) [.McClendon J],[5] McClendon v. Rosetti, 369 F.Supp. 1391 (S.D.N.Y., 1974) [.McClendon II] and the subsequent regulations set forth in McClendon v. Rosetti, 1993 WL 158525 (S.D.N.Y, 1993) by Federal District Judge Lasker, as codified in the Rules of the City of New York CRCNY’), Title 38, Chapter 12. Where a valid demand for the return of seized property has been made, the Property Clerk has twenty-five (25) days within which to commence a forfeiture proceeding. If a forfeiture proceeding is not commenced within the twenty-five (25) day window period, the Property Clerk must advise the claimant that it will return the property forthwith. [38] RCNY § 12-36.[6]”
In McClendon II, Judge Lasker had to determine who (i.e., claimant or the Property Clerk) “is obligated to initiate [a law]suit to regain or retain the property as the case may be.” (369 F Supp at 1392.) The District Court ultimately concluded that to compel claimants such as defendant to sue to recover property would perpetuate the very practices McClendon I *306 outlawed. Relying on United States Supreme Court precedent, McClendon II (369 F Supp at 1393-1394) went on to say:
“[I]t is rarely appropriate to require an individual to bring a replevin suit... to obtain a constitutionally guaranteed hearing as to whether he has the right to possession of property . . .
“Plaintiffs here and members of their class are generally likely to fall within the group described . . . as uneducated, uninformed consumer[s] with little access to legal help and little familiarity with legal procedures . . . Nothing in . . . [.McClendon 7] . . . [is] intended to impose the burden of initiating litigation on persons with practical disabilities; to say nothing of the added obstacle which apprehension of suing the City or police officials might constitute to people so situated. The cost of [a law] suit . . . also weighs against requiring suit by those in the plaintiff class [as described in McClendon 7]” (internal quotation marks omitted).
Against this backdrop, when claimants such as Ford submit timely demands (meeting the procedural requisites) to the Property Clerk for the return of their vehicles, plaintiff, at that point in time, is being put on notice implicitly of the harm claimants continue to suffer from being deprived of their vehicles. Stated differently, the date of a timely notice of such property deprivation and a demand for its return in the context of civil forfeiture is the equivalent of the date of an accrued claim (or occurrence of the injury). And unless the Property Clerk can legally justify the continued retention of these seized vehicles and timely initiate forfeiture proceedings after timely demands are made, then the Property Clerk must immediately release these vehicles to claimants such as Ford (see Matter of DeBellis v Property Clerk of City of N.Y., 79 NY2d 49, 53-54 [1992]).
Moreover, contrary to plaintiffs argument, the Appellate Division, First Department has interpreted 38 RCNY 12-36 (a) to be a statute of limitations. This is especially so when the court recently held the Property Clerk’s failure to commence a forfeiture action within the 25-day period after a timely demand is made to be fatal. (See Property Clerk, N.Y. City Police Dept, v Smith, 62 AD3d 486 [1st Dept 2009]; see also Property Clerk, N.Y. City Police Dept. v Seroda, 131 AD2d 289, 291 [1st Dept 1987] [the First Department characterized defendant Seroda’s challenge to plaintiffs untimely filing of its forfeiture action within the prior 10-day limitations period (now 25 days) as a *307 “Statute of Limitations defense”].) After a more focused analysis of the controlling federal and state case law, there can be little doubt that the 25-day limitations period set forth in 38 RCNY 12-36 (a) is a judicially inspired, albeit untraditional statute of limitations.
This court is not unmindful of the apparent inconsistency between the Perez and Bogdanovic decisions. But, on closer inspection, these decisions can be seemingly reconciled. First, the Perez decision is in accord with First Department precedent. Second and more importantly, in the Bogdanovic decision, this court never had to reach the question of whether the forfeiture action was timely commenced because defendant’s demand was invalid and therefore the 25-day limitations period never began to run. Third, this court’s then concurrence with a treatise analysis of the 25-day limitations period (Steven L. Kessler, New York Criminal and Civil Forfeitures § 7.07 [2], at 7-43 [2008 ed]) was a cursory afterthought and is merely dictum. Finally, and more controlling, this treatise analysis, while colorably persuasive, was clearly trumped by Smith (supra), issued after the treatise’s publication in 2008.
Because this statute of limitations is obviously for a period less than four months, it implicates CPLR 306-b, which states, in relevant part:
“Service of the summons and complaint . . . shall be made within one hundred twenty days after the filing of the summons and complaint, . . . provided that in an action . . . where the applicable statute of limitations is four months or less, service shall be made not later than fifteen days after the date on which the applicable statute of limitations expires. If service is not made upon a defendant within the time provided in this section, the court, upon motion, shall dismiss the action without prejudice as to that defendant, or upon good cause shown or in the interest of justice, extend the time for service.” (Emphasis added.)
It is undisputed that the Property Clerk failed to serve process no later than the mandatory 15-day period after the last day of the 25-day limitations period it otherwise had to commence this forfeiture action (i.e., October 4, 2009) warranting dismissal of the forfeiture action. (Accord Perez decision, supra; see also Property Clerk, N.Y. City Police Dept. v BMW Fin., NYLJ, Jan. 4, 2001, at 26, col 4 [Sup Ct, NY County], mod on other grounds 293 AD2d 378 [1st Dept 2002].)
*308 More compelling, the Property Clerk never moved to extend its time to serve process. Given the approximately two-month delay in serving process, plaintiff cannot possibly claim it exercised reasonable diligence in attempting service here. Nor has the Property Clerk shown good cause why this court should exercise its discretion in the interest of justice to deem its two-month delay (December 3, 2009, rather than October 4, 2009) in serving process to be proper. Moreover, the dismissal of the action simply cannot be without prejudice because the commencement of a new forfeiture action would he legally impossible as the 25-day limitations period has expired (see generally Alexander, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR 306-b, at 476 [2001 ed]).
Accordingly, it is hereby ordered that defendant’s OSC for dismissal of this action is granted and this forfeiture action is dismissed, with prejudice; and it is further ordered that plaintiff Property Clerk shall return to Ford the BMW vouchered under Property Clerk invoice No. B167472 forthwith, without the imposition of any costs, fees or disbursements; and it is further ordered that this court’s prior decision, order and judgment in this action dated July 2, 2010 is vacated and this amended decision, order and judgment supercedes and replaces same.

. The District Attorney’s release (DA release) merely acknowledges that the property (i.e., the vehicle) is no longer needed as evidence for the prosecution of any crime for which Ford was previously charged. The DA release expressly notes that the New York County District Attorney’s Office takes no position as to the merits of the Property Clerk’s claim (see generally 38 RCNY 12-31 — 12-36).

. Defendant strongly takes issue with plaintiffs claim that he did not provide a DA release with his demand on August 12, 2009 (see Ford aff in support of OSC 11 7). Nonetheless, on August 25, 2009, Ford’s counsel faxed a copy of the DA release to plaintiff. And it appears defendant, arguably for discussion purposes, uses the August 25th date at the very latest to start running the 25-day statute of limitations for commencing this forfeiture action (see defendant’s mem of law in support of OSC at n 2; see also 38 RCNY 12-36 [a]).

. While a seized vehicle is rarely used as arrest evidence in a DWI arrest, nonetheless, defendant apparently categorized his BMW as arrest evidence. Ford then obtained and produced the requisite DA release for the Property Clerk with his demand.

. Actually, CPLR 306-b requires that service “shall be made” within 15 days of the expiration of the statute of limitations. There is no requirement that proof of service be filed within the 15-day period. (See Alexander, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C306-b:2.) Thus, plaintiff was required to serve Ford on or before October 4, 2009, rather *304 than complete service on or before October 14, 2009 as defendant argues. The court is amending its prior decision, order and judgment herein dated July 2, 2010 to clarify this misstatement of the law, despite the fact that the outcome of this motion is the same.

5. The Second Circuit’s concise holding in declaring the predecessor statute to Administrative Code § 14-140 unconstitutional is instructive:
“Thus we hold § 435-4.0 of the New York City Administrative Code unconstitutional as applied to persons from whose possession money or property, other than contraband, has been taken or obtained, though such money or property was not related to any criminal proceeding, or, if it was so related, such criminal proceeding was terminated, or if the money or property had been needed as evidence in a criminal proceeding, it was no longer needed for that purpose, as violative of the due process clauses of the fifth and fourteenth amendments. We remand to the court below . . . for the purposes of formulating any necessary injunctive relief to avoid further perpetuation of the practices and procedures hereby declared unconstitutional.” (McClendon v Rosetti, 460 F2d 111, 116 [1972] [emphasis added].)

6. This regulation provides the procedural requisites for starting a civil forfeiture action and where relevant states that
“(a) [s]uch proceeding may, subject to the time limitation below, be instituted . . . after a claimant makes a demand to the property clerk for the return of the property . . . If a timely demand is made for the return of the property before the forfeiture proceeding is instituted, such proceeding shall be brought no later than (i) in the case of arrest evidence, 25 days after the claimant provides the property clerk with a district attorney’s release, and (ii) in all other cases, as a district attorney’s release is not required, within 25 days after the date of demand.” (Emphasis added.)