■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID K. GRIMES, Appellant.—Appeal from a judgment of the County Court of Tompkins County, rendered April 21, 1975, convicting defendant, upon his plea of guilty, of the crimes of burglary in the third degree and assault in the second degree. In the early morning hours of April 27, 1973 a police officer apprehended and arrested the defendant in the bedroom of a dwelling that

he was in the process of burglarizing. The defendant was wearing a pair of blood stained gloves and carrying a screwdriver and flashlight, all of which were seized by the arresting officer. On April 12, 1973 one Marjorie Ross was found severely beaten in her bedroom, in a semiconscious condition having lost a great deal of blood from lacerations of her hands and face. The police found Marjorie Ross in the course of investigating a reported burglary of her home located about two blocks from the dwelling in which the defendant was apprehended. Another burglary had occurred in the same neighborhood about 3½ months earlier. Later on the same day of his arrest, the defendant admitted giving a false address to the police at the time of his arrest, and when the police asked for his correct address, defendant requested to speak to his attorney first. On the call purportedly to his attorney, and in the presence and hearing of the police officer, the defendant addressed the person on the phone as "Bob" and requested of "Bob" that he remove all his (defendant's) belongings from the apartment and not to take "Brother" with him. About three days after defendant's arrest the owners of the gloves found on the defendant were identified, and they informed the police that the gloves had been stolen from their home about 3½ months before on the same street and just down the block from the residence the defendant was caught burglarizing. It appears that Robert G. Saunders and his brother, James, nicknamed "Brother", were well known to the police, and concluding that the "Bob" with whom the defendant spoke on the phone was Robert G. Saunders, the police attempted to reach him at his home without success. On May 2, 1973, on his arrival at the Saunders' home, the police officer observed Robert Saunders placing a garbage can on the curb containing a plastic bag filled with clothes. The officer asked Saunders whether he had the defendant's belongings and if so, whether he could examine them. Saunders refused any examination without a search warrant, and on the same day, an application was made for a search warrant seeking possible evidence of defendant's involvement in the earlier assault of Marjorie Ross. The warrant was issued and executed, and the motion for an order suppressing the evidence obtained thereunder was denied. A five-count indictment was returned against the defendant. On January 22, 1975 he pleaded guilty to one count of burglary in the third degree in satisfaction of Counts I and V, which were unrelated to the search and seizure, and on April 11, 1975 defendant pleaded guilty to one count of assault in the second degree in satisfaction of Counts II, III, and IV, involving the charges arising from the alleged invalid search and seizure. On this appeal, the defendant contends that probable cause necessary to justify the issuance of a search warrant was not established, and further, that the warrant as issued was defective in that it failed to describe with particularity the property to be seized. We do not agree. On this record, it is clear that the requirements of CPL 690.40 and 690.10 have been satisfied. As to the finding of probable cause for the issuance of the search warrant, the defendant was apprehended in the process of burglarizing a home only two blocks from the home of the victim of the assault. He was found wearing gloves identified by an experienced police officer as being stained with blood. These gloves were identified by victims of an earlier burglary which occurred within two blocks of the assault victim's home, as belonging to them. These facts, when added to the other facts set forth in the affidavits, and with particular reference to the defendant's telephone direction to remove his belongings from the apartment, clearly give reason to believe that the defendant in all probability may have been involved in the Ross burglary-assault, and that his belongings, and in particular, any blood

stained clothes, would show his guilt. In dealing with probable cause, quite obviously, we deal with probabilities which are the factual and practical considerations of everyday life on which reasonable and prudent men act. While the Fourth Amendment of the United States Constitution requires particularity as to the places, persons to search, and the things to be seized to prevent general searches, the description of things to be seized need only be as specific as the circumstances will permit. Even though each item of clothing is not identified in the search warrant as to type, color, or size, when viewed in context, the facts in their totality make clear that what was sought was bloody clothes and/or weapons. This is not a case of seizure of one thing under a warrant describing another. Search warrants should not be lightly invalidated by interpreting affidavits in a highly technical manner rather than in a common sense point of view, and a grudging or negative attitude by reviewing courts towards warrants will tend to discourage police officers from submitting their evidence to a judicial officer before acting *(United States v Ventresca,* 380 US 102). We observe finally, that the record discloses that attorneys for Robert G. Saunders were present in his home when the officers arrived with the search warrant, that they examined the warrant and advised Saunders to permit the search to be made. Thereupon, Saunders handed a bag to the police containing the defendant's personal belongings. Judgment affirmed. Herlihy, P. J., Greenblott, Kane, Koreman and Main, JJ., concur.