■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MELVIN EVERETT, Appellant.—Appeal from a judgment of the County Court of Albany County, rendered February 24, 1977, upon a verdict convicting defendant of two counts of robbery in the first degree. On this appeal defendant contends (1) that the search warrant issued and executed to obtain possession of the gun allegedly used by him in the robberies of which he now stands convicted was founded upon insufficient probable cause; (2)

---

that his confession obtained shortly thereafter should have been suppressed; (3) that his trial should have been severed from that of his codefendant; (4) that he was denied a fair trial as a result of a multitude of errors which took place during the course thereof; and (5) that the sentence ultimately imposed was excessive. There must be an affirmance. The investigating officer who applied for the search warrant averred that he had been informed by a "concerned citizen", described as being a relative of one of the suspects, that the weapon used in the commission of the robberies was at a certain address, the home of this defendant. Also attached to his application was the signed confession of the codefendant which linked this defendant to the use and possession of the subject handgun. Since all the supporting information originated from informants (see *People v Wolzer,* 41 AD2d 679), the two-pronged standard of *Aguilar v Texas* (378 US 108) required a showing that there was a "basis of knowledge" for the information imparted *(People v Hanlon,* 36 NY2d 549) and that the informant was reliable *(People v Wirchansky,* 41 NY2d 130). The former test was plainly satisfied by the confession of the codefendant who observed the gun, detailed its use, and accounted for its current possession. As a declaration against penal interest, it also passed recognized standards for reliability (see *United States v Harris,* 403 US 573; *People v Wolzer, supra).* Although the contents of this confession did not furnish the address of defendant's residence, it supplied abundant probable cause to believe that the gun would be found at such a location. The other information secured by the investigating officer, while less convincing, must be read in conjunction with that confession and was enough to sustain the warrant directing the search of those premises (cf. *People v Scavone,* 59 AD2d 62; *People v Grimes,* 51 AD2d 625). Inasmuch as the search was valid, the confession of the defendant obtained subsequent thereto after proper warnings was properly ruled admissible. We would further note that under the facts presented the confession would have been admissible under the "attenuation" doctrine adopted in *People v Martinez* (37 NY2d 662) for it was not the search which prompted defendant's admissions. Defendant's remaining arguments are similarly without merit. The denial of the motion to sever the joint trial of these defendants was a matter committed to the sound discretion of the trial court *(People v Bornholdt,* 33 NY2d 75, cert den *sub nom. Victory v New York,* 416 US 905) and here the defendant made a confession substantially to the same effect as that of his codefendant *(People v Baker,* 26 NY2d 169). The errors occurring during the trial, if any, were harmless and the sentence imposed was well within the limits of the court's discretion *(People v Finke,* 51 AD2d 1089; *People v Dittmar,* 41 AD2d 788). Judgment affirmed. Kane, J. P., Mahoney, Main, Larkin and Mikoll, JJ., concur.