■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PAUL ANTHONY SAWICKI, Appellant.—Appeal from a judgment of the County Court of Broome County, rendered April 27, 1977, convicting defendant on his plea of guilty of the crime of criminal possession of a controlled substance in the fifth degree. On April 28, 1976, one Mark Snedaker was arrested in his Johnson City apartment. He advised the police that he had

obtained the quantity of marijuana seized at the time of his arrest from the defendant and that he had recently seen approximately 10 pounds of marijuana in defendant's apartment. During the early morning hours of April 29, 1976, Snedaker made a telephone call to defendant, monitored by the police, in the course of which defendant indicated that he had marijuana in his apartment. Immediately after this call, at approximately 3:15 A.M., four police officers went to defendant's apartment to arrest him. After defendant was placed under arrest, officers walked through the apartment, turning on lights and opening closet doors, to see if anyone else was present. While in the apartment, the police observed what appeared to be marijuana in two locations. After defendant was taken from the apartment, it was locked and officers were posted at the entrances until a search warrant could be obtained. The warrant was issued upon the application of Detective Holgash of the Johnson City Police reciting the discovery of the marijuana on Snedaker, the statement of Snedaker concerning the marijuana in defendant's apartment and the telephone conversation during which defendant said he possessed marijuana. Snedaker's sworn statement was attached to the application. No mention was made of the material thought to be marijuana observed in the apartment at the time of the defendant's arrest. Upon the execution of the search warrant, approximately nine and one-half pounds of marijuana were found in defendant's apartment. After his motion to suppress was denied, defendant entered a plea of guilty to criminal possession of a controlled substance in the fifth degree and this appeal ensued. Initially, we reject defendant's contentions that the evidence discovered in his apartment should be suppressed as the fruit of a search incident to an illegal warrantless arrest and that there was no probable cause for the issuance of the search warrant. Both of these arguments are based upon the alleged unreliability of Snedaker. The Court of Appeals has held that the facts that the information was given under oath and that the statement was against the informant's penal interest, both circumstances present here, tend to demonstrate the informant's probable reliability (*People v Wheatman,* 29 NY2d 337, cert den 409 US 1027; *People v Everett,* 60 AD2d 693). Additional elements present in the instant case which support a finding of probable cause are the detailed nature of the information given by the informant and the existence of independent observations by the police officers (*People v Hendricks,* 25 NY2d 129). The facts above recited support both the defendant's arrest without a warrant (CPL 140.10, subd 1, par [b]; 70.10, subd 2) and the granting of the search warrant (CPL 690.40; see *Giordenello v United States,* 357 US 480). As to defendant's claim that Snedaker's testimony was unreliable because of coercion, we see no reason in this record to disturb the finding of the trial court, based upon Snedaker's "manner" on the stand, that this claim "did not ring true at all". Defendant's further claim is that the conduct of the officers in the apartment at the time of his arrest amounted to a "prior illegal search" which "tainted the ostensibly valid search warrant". This argument must also be rejected. In *People v Clements* (37 NY2d 675, cert den 425 US 911), the issue was whether the constitutional rights of the defendants had been violated when the police, who had legally entered their apartment and had precise and reliable information that there were narcotic drugs in a specific dresser drawer, had seized the contraband without a search warrant. In concluding that the rights of the defendants had not been violated "under an exigency exception to the normal constitutional proscriptions" (p 678), the court noted the following factors: drugs are readily disposable contraband; the potential danger of the discovery of pending police activity; and the fact

that the conduct of the police officers reflected their contemporaneous evaluation of the situation that prompt police action was necessary. The court noted that the police officers had such alternatives as seizing the evidence as they did, posting a guard inside the apartment and seeking a search warrant or setting up an outside watch until the warrant could be obtained. While the court in *Clements (supra)* found that the immediate seizure of the contraband was justifiable as the lesser intrusion under the circumstances, the visual inspection of this defendant's apartment followed by the posting of guards while a warrant was being obtained was similarly a reasonable intrusion in light of "the perspective of the police in the circumstances with which they were confronted" (p 680). In contrast to the police officers in *Clements,* it appears that the officers herein were not certain as to the exact location of the drugs. Instead of undertaking a "wide-ranging, exploratory, rummaging, or routine search of the character condemned in *Chimel v. California* (395 U.S. 752)" (p 680), the police officers merely inspected the premises to insure there was no person present who might destroy the readily disposable contraband, posted security and went to a magistrate for a search warrant. Such actions, under the circumstances, passed constitutional muster. We note in addition that the search warrant was obtained without any reference to anything seen at the time of defendant's arrest. This is an additional ground for rejecting defendant's arguments in regard to the police inspection of his apartment at the time he was arrested. Judgment affirmed. Sweeney, J. P., Kane, Mahoney, Larkin and Herlihy, JJ., concur.