(October 11, 1979)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEE ELMER BROTHERS, Appellant.—Appeal from a judgment of the County Court of Rensselaer County, rendered July 18, 1978, upon a verdict convicting defendant of the crimes of murder in the second degree (felony murder) and robbery in the first degree. Defendant was charged with intentional murder, felony murder and robbery for his part in the brutal murder of Diane La Fond, a young woman found dead by her children in their home at Rensselaer, New York, on November 28, 1977. She had been beaten, strangled and drowned in her own bathtub. Eight hundred dollars had been

taken from her person. The next afternoon defendant and his accomplice, Michael Moore, voluntarily made arrangements to talk with the police. After a period of questioning by a series of police officers, defendant gave a written statement describing his participation in the victim's death. He was indicted on December 21, 1977 and, following pretrial motions and hearings, his trial commenced on June 14, 1978. The jury acquitted him of intentional murder, but found him guilty of felony murder and robbery. He was sentenced on July 18, 1978 to a term of 15 years to life on the felony murder conviction and to a concurrent indeterminate 15-year term on the robbery conviction. He now seeks a reversal of this judgment contending that (1) he was denied the right to a speedy trial; (2) he was deprived of his right to a fair trial by a comment of the prosecutor in his opening statement to the jury; (3) a search warrant used to obtain evidence against him was not issued on probable cause; and (4) his confession was involuntary. Defendant also maintains that his sentence was improper since the robbery conviction merged with the felony murder conviction. We reject his arguments for reversal, but agree that the sentence was improper. First, any lapse in an expeditious trial of this accusation was plainly attributable to the disposition of pretrial motions made by the defendant and there was neither constitutional nor statutory delay which deprived him of the right to a speedy trial (see *People v Imbesi,* 38 NY2d 629; CPL 30.30, subd 1, par [a]). Second, the inadvertent use of the word "they" in the opening address by the prosecutor when he referred to the proposed use of an admission did not violate the rule set forth in *Bruton v United States* (391 US 123). No right of confrontation was violated since there was no use of any statement made by defendant's accomplice, Michael Moore. Moreover, the matter did not arise again during trial and the jury was repeatedly instructed on this topic. Accordingly, it may not be said that the defendant was denied a fair trial. Third, we find there was a sufficient basis for the issuance of a search warrant. In his confession, which was attached to the application for the warrant, defendant stated that he had mailed $300 to his mother or brother or "I could have mailed it to myself or to my girl friend Tina who lives at 85 Aiken Avenue, Rensselaer, N. Y.". The quoted address was the same given by the defendant as his own residence and the warrant authorized a search of premises occupied by Tina Monroe at 85 Aiken Avenue. While it is obvious that other possible sites existed where proceeds of the crime might be found, it seems equally plain that an experienced, careful and prudent police officer could reasonably conclude that what he sought would be found at her residence (see *People v Hanlon,* 36 NY2d 549; *People v Everett,* 60 AD2d 693). The constitutional protection is against unreasonable searches and seizures (US Const, 4th Amdt; NY Const, art I, § 12; see *People v Perel,* 34 NY2d 462), and, in our view, the mere fact that probable cause existed to search other locations as well does not defeat the propriety of the instant warrant. Fourth, as to the admissibility of defendant's confession, the record contains proof beyond a reasonable doubt that it was voluntarily procured following repeated *Miranda* warnings *(People v Prochilo,* 41 NY2d 759; *People v Washington,* 52 AD2d 984). Finally, as previously indicated, there must be a modification of defendant's sentence. We recently noted in *People v MacDonald* (61 AD2d 1081), also a case arising from Rensselaer County, that there is a merger of the predicate felony with the murder under these circumstances. Aside from supplying the transferred intent necessary for felony murder, the robbery was also a lesser included crime since defendant could not have committed the greater offense without additionally committing the underlying felony (CPL 1.20, subd 37; cf. *People v Graham,* 69

AD2d 544). The prosecutor's novel argument that the robbery is a noninclusory concurrent count because the force used to commit it was distinct from that employed to cause the victim's death is unavailing. The difference may have been germane to jury consideration of intentional murder, of which the defendant was acquitted, but it had no direct bearing on the outcome of the felony murder charge since his guilt thereof was not dependent on the amount of force needed to produce death. Judgment modified, on the law, by reversing the conviction of robbery in the first degree, vacating the sentence imposed thereon and dismissing the count of the indictment therefor, and, as so modified, affirmed. Sweeney, J. P., Kane, Staley, Jr., Main and Herlihy, JJ., concur.