OPINION OF THE COURT
Chief Judge Wachtler.
The question on this appeal is whether a replevin action to recover property seized by the City of New York in connection with a criminal prosecution may be maintained when the owner has not demanded return of the property within 90 days of the dismissal of the criminal charges.
On December 15, 1982 plaintiff, Mayra Moreno, was arrested in New York City and charged with promoting gambling and possession of gambling records. At the time of her arrest the police seized $156,150 which was delivered to the *434 property clerk of the New York City Police Department. On March 8, 1983, while the criminal charges were still pending, the plaintiff served a notice of claim on the City. The criminal charges against the plaintiff were dismissed on September 19, 1983.
Six months later plaintiff assigned her rights in the seized funds to her attorney, Paul Lieber. On March 19, 1984 Lieber demanded that the Police Department return the money. On March 27 the department informed Lieber by letter that his demand was untimely "pursuant to New York City Administrative Code § 435-4.0 and McClendon v. Rosetti, 460 F. 2d 111.” The letter further states: "The law requires that a claimant make his claim within 90 days from the date of the disposition of the criminal proceeding or the date of the district attorney’s release whichever is sooner. Since this was not done the funds were deemed abandoned and paid over to the City of New York.”
On August 29, 1984 plaintiffs commenced this common-law replevin action to recover the funds and later served a second notice of claim. The City moved to dismiss, principally on the ground that the demand was untimely, as earlier stated in the Police Department letter. The trial court granted the City’s motion and dismissed the complaint for failure to state a cause of action (CPLR 3211 [a] [7]). The court stated: "under the Administrative Code and McClendon the right to claim possession of the seized property was lost in the absence of a timely demand (within ninety days after the criminal charges were dismissed). The ninety day period expired on or about December 19, 1983. No demand was made until March 19, 1984 * * * Thus, the complaint is legally insufficient for failure to allege a timely demand upon the police property clerk.”
The Appellate Division affirmed, without opinion (120 AD2d 997), and we granted the plaintiffs’ motion for leave to appeal to this court.
The Administrative Code of the City of New York provides that the property clerk of the New York City Police Department is authorized to take custody of all "property or money taken from the person or possession of a prisoner” including money suspected of being the proceeds of any "form of illegal gambling activity” (§ 435-4.0 [b] [now § 14-140 (b)]). It also provides that property seized by the police "that shall remain in the custody of the property clerk for a period of three *435 months without a lawful claimant entitled thereto shall, in the case of moneys, be paid into the [Police Pension Fund]” (§ 435-4.0 [e]). Under the Code, a person shall not be deemed to be a "lawful claimant” if he used the money for illegal purposes or "derives his claim in any manner from or through” a person who did (§ 435-4.0 [e]). The Code also places on the claimant the burden of proving title and lawful use of the money in any action or proceeding against the property clerk (§ 435-4.0 [f]).
There are several ways in which a person whose property has been seized by the police may regain possession. The traditional remedy is the common-law action in replevin (Boyle v Kelley, 42 NY2d 88, 91; Simpson v St. John, 93 NY 363). In cases where the property clerk has refused to honor a demand, an article 78 proceeding to review the refusal is also available (Boyle v Kelley, supra, at 91; Matter of Caggiano v Frank, 78 Misc 2d 187, affd 44 AD2d 828). It appears that prior to 1972 it was the City’s general practice to require those requesting return of seized property to commence a suit to recover it.
In McClendon v Rosetti (supra), a Federal civil rights class action, the Second Circuit Court of Appeals held that this practice violated the owners’ due process rights. Accordingly, the Federal courts prescribed a procedure which permits the owners to regain their property upon demand, without having to resort to court proceedings (McClendon v Rosetti, 369 F Supp 1391). Under this procedure, the City must return the property if the owner makes demand within 90 days of the disposition of criminal charges, or a release issued by the District Attorney, "whichever is sooner.” If the City believes the claimant is not a "lawful claimant,” it must commence suit to retain the property, within 10 days of the demand.[1] The City is also required to provide written notice of the-demand procedure to those from whom the property has been seized. In subsequent cases the Federal courts have held that a person who receives the notice but fails to demand return of the property within the 90 days, may not maintain a civil rights action against the City (Cooper v Police Prop. Clerk, 416 F Supp 49; Harris v City of New York, 99 FRD 183).
The 90-day demand rule established in the McClendon case purports to add a new Federal procedure to those available *436 under State law. Those who demand return of their property within the 90 days would be entitled to immediate possession without having to commence a court action. Those who fail to make a demand within that period would lose their right to immediate return, or to seek relief in Federal court, and would have to resort to the usual State remedies.
The City apparently now concedes that the McClendon decree did not abolish the plaintiffs’ right to commence an article 78 proceeding or an action in replevin. The City contends, however, that the "plaintiffs have focused on the wrong issue * * * What is in fact at issue in this case is the effect of the Administrative Code’s directive permitting the Property Clerk to dispose of any property unclaimed after three months. Administrative Code § 435-4.0 (e).” It is the City’s contention that this section gives it the right to possession of unclaimed property after it has been held for three months. The City further urges that having not claimed the funds within three months, by either demanding their return or instituting suit, plaintiffs "lost any right of possession by operation of law.” This argument is without merit. The section cited simply fixes the point at which the property clerk may be relieved of the responsibility of retaining the moneys in custody, and provides for the transfer of the money from one fund to another at the termination of the statutory period. It does not impose an affirmative obligation on the owner to demand the money within 90 days of the dismissal of the criminal charges or impose any penalty for failure to do so. It does not, in short, impair the owner’s common-law right to demand return of the property seized or its value in a replevin action.[2]
Accordingly, the order of the Appellate Division should be reversed and defendant’s motion to dismiss the complaint denied.
Judges Simons, Kaye, Titone, Hancock, Jr., and Bellacosa concur; Judge Alexander taking no part.
Order reversed, with costs, and defendant’s motion to dismiss the complaint denied.

.The terms of the Federal decree have not been published but are reproduced in the record on appeal in this case at 135-143.

.In light of this disposition there is no need to consider whether the Code provision would be valid if it purported to extinguish a property owner’s rights as the City urges.