■ CHARLES DEBELLIS et al., Respondents, v PROPERTY CLERK OF THE CITY OF NEW YORK et al., Appellants.—Order and judgment (one paper), New York County (William J. Davis, J.), entered on or about July 13, 1989, granting petitioners' motion for an order directing respondents to turn over to petitioners certain items of personal property and merchandise held by respondent Property Clerk of the City of New York, unanimously affirmed, without costs.

On or about September 14, 1987, petitioners each pleaded guilty to a misdemeanor of criminal possession of a stolen "walkie-talkie". The remainder of the charges were dismissed, and petitioners paid a fine of $1,000. On or about October 20,

1987, petitioners made timely written demand upon respondent Property Clerk for a return of the remaining property in the possession of the Property Clerk, consisting of considerable amounts of cash, jewelry, coins and silver bars, seized from petitioners' place of business pursuant to warrant.

Petitioners' demand was refused on the ground that the property was subject to a levy by the Internal Revenue Service. After securing a release of the tax levy, petitioners again sent a written demand for a release of the property. When this second demand was rejected by respondents as untimely, petitioners brought this proceeding.

Petitioners, having made timely demand for the release of the property, were entitled to possession once the impeding tax lien was removed, unless respondents instituted forfeiture proceedings within 10 days of the demand. *(McClendon v Rosetti,* 369 F Supp 1391.) Petitioners were not required to serve an additional notice of claim pursuant to General Municipal Law § 50-e in order to obtain redress. *(See, Matter of Caggiano v Frank,* 78 Misc 2d 187, *affd* 44 AD2d 828.) Nor was petitioners' demand required to be accompanied by a release from the District Attorney. Respondents' duty is triggered either by demand or by release from the District Attorney, whichever comes first. *(Moreno v City of New York,* 69 NY2d 432.)

We have examined respondents' remaining arguments and find them to be without merit. Concur—Carro, J. P., Asch, Kassal and Smith, JJ.