■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v OWEN H. SMITH, JR., Appellant.—Mahoney, J. Appeal from a judgment of the County Court of Broome County (Mathews, J.), rendered January 16, 1990, convicting defendant upon his plea of guilty of the crime of criminal possession of a controlled substance in the fourth degree.

In connection with an investigation of alleged cocaine traf-

ficking conducted by defendant in Broome County, Detective Stephen Korutz of the Village of Johnson City Police Department applied to County Court on December 8, 1988 for a search warrant authorizing the search of defendant's person, motor lodge dwelling and his automobile, which was described as a "smaller type vehicle that is blue in color". In support of the application, Korutz summarized an interview of a confidential informant who advised Korutz of drug activities conducted by defendant out of his motor lodge residence, including the purchase by the informant of quantities of cocaine. The application further stated that on December 8, 1988 the informant went to the motor lodge with police investigators, pointed out room No. 214 as the location from which he had purchased cocaine from defendant and, further, identified a small blue vehicle bearing New York license FWP-305 "as being the same vehicle owned by [defendant] and used by [him] to transport controlled substances". Korutz also stated that a criminal history check revealed that defendant had prior arrests on November 30, 1987 and December 15, 1987 for criminal sale of a narcotic drug. The warrant was duly issued.

On December 13, 1988 detectives from the Johnson City Police Department and investigators from State Police executed the warrant by stopping the blue sedan, which was being driven by defendant on a public highway, and removing from the vehicle 12 packets of a substance that later tested positive for cocaine. Defendant was eventually indicted for criminal possession of a controlled substance in the third degree. Thereafter, he moved to suppress the cocaine on the ground that the search warrant application failed to establish probable cause to believe that his vehicle contained controlled substances. County Court denied the motion. Defendant then pleaded guilty as a second felony offender to criminal possession of a controlled substance in the fourth degree. He now appeals the denial of the suppression motion.*

While the People concede that there is no statement by the informant in the search warrant application that he actually observed illicit drugs being transported in defendant's blue car, the application does set forth that the informant had purchased cocaine directly from defendant on approximately 15 occasions and, specifically, that on December 7, 1988 he had purchased six packets of cocaine from defendant at defen-

---

* Inasmuch as there is no indication that defendant knowingly, voluntarily and unequivocally waived his right upon pleading guilty to challenge the denial of the suppression motion, the merits of the matter may properly be addressed (CPL 710.70 [2]).

dant's room in the motor lodge. The informant also clearly identified defendant's automobile. In our view, the informant's sworn statement satisfied the two-pronged test of *Aguilar-Spinelli (Aguilar v Texas,* 378 US 108; *Spinelli v United States,* 393 US 410), and was sufficient to establish probable cause to search defendant's vehicle notwithstanding that the informant did not *actually* observe illicit drugs being transported in the vehicle. The informant's statement clearly provides reasonable cause to believe that defendant was in the continuous business of possessing and selling controlled substances, which business was being conducted from his motel room. In view of the practical realities of narcotics operations wherein drugs must be physically transported to the trafficker for further distribution upon resale, it is reasonable to infer that an individual engaged in such continuous operation, particularly when it is operated from a *transitory* location such as a motel room, would have narcotics in his vehicle at any given time *(see, People v Powers,* 173 AD2d 886, *lv denied* 78 NY2d 1079; *cf., People v Davis,* 146 AD2d 942; *People v Stafford,* 113 AD2d 995; *People v Grimes,* 51 AD2d 625).

Levine, J. P., Mercure and Casey, JJ., concur. Ordered that the judgment is affirmed.