■ LOUIS RACHLES, Appellant, v ANGELO LUGO, Individually and as Property Clerk of the City of New York, et al., Respondents. [605 NYS2d 260] —Order of Supreme Court, New York County (Eugene Nardelli, J.), entered April 23, 1992, which, inter alia, denied plaintiff's motion for summary judgment, unanimously reversed, on the law, insofar as appealed from, without costs, plaintiff's motion is granted and the order is otherwise affirmed; the clerk is directed to enter a judgment in plaintiff's favor accordingly.

Pursuant to McClendon v Rosetti (369 F Supp 1391), if a demand for the return of property seized by police is made within 90 days after the termination of the criminal proceeding, the Property Clerk must return the property, or upon a determination that it should not be returned, start a proceeding to retain it. It has been determined that a criminal proceeding does not terminate for these purposes until the direct appeals have been exhausted or the time to take a direct appeal has expired (Matter of DeBellis v Property Clerk of City of N. Y., 79 NY2d 49, 56). Judged accordingly, plaintiff's demand in this case was timely made.

Where a timely demand in accordance with McClendon v Rosetti (supra) has been made and the forfeiture proceedings have not been commenced, service of an additional notice of claim is not needed in order to be entitled to return of the

property *(see, DeBellis v Property Clerk of City of N. Y.,* 168 AD2d 313, 314, *affd* 79 NY2d 49, *supra).* We acknowledge that plaintiff, in essence, is seeking relief in the nature of mandamus in order to compel the Property Clerk to do what is legally required. However, any claim by the defendant that the proceeding was not brought in the proper form does not warrant dismissal under the circumstances herein (CPLR 103 [c]).

While at the time of the IAS Court's decision in this case issue had not been joined and plaintiff's summary judgment motion was premature *(City of Rochester v Chiarella,* 65 NY2d 92, 101), we have been made aware by the parties that the defendants' answer has since been served. In view thereof and the fact that it is conceded that there are no issues of fact, we now grant the plaintiff's motion for summary judgment in order to fashion complete relief to the appealing party *(see, Hecht v City of New York,* 60 NY2d 57, 62; *Bukhatir Mackinnon v Sarfraz,* 130 AD2d 358, 362), and in the interests of justice and judicial economy. Concur—Murphy, P. J., Sullivan, Rosenberger, Ross and Rubin, JJ.