■ WILLIAM KRANZ, JR., et al., Appellants, v TOWN OF TUSTEN et al., Respondents. [653 NYS2d 194] —White, J. P. Appeal from an order of the Supreme Court (Williams, J.), entered July 19, 1995 in Sullivan County, which, *inter alia*, granted defendants' motion to dismiss the complaint for failure to timely serve a notice of claim.

In a prior action, plaintiff William Kranz, Jr. (hereinafter

plaintiff) was ordered to remove certain junk items from his property in the Town of Tusten, Sullivan County. He failed to do so and the Highway Department of defendant Town of Tusten removed the items. Although plaintiff was given the opportunity to reclaim the articles, he did not do so within the time allotted by Supreme Court. The property was sold at a Sheriff's sale on June 8, 1993. Almost two years later, by complaint dated May 25, 1995, plaintiffs commenced this action seeking damages for defendants' alleged wrongful conversion of the property. Defendants moved to dismiss the action due to plaintiffs' failure to serve a notice of claim in accordance with the requirements of General Municipal Law §§ 50-e and 50-i. Supreme Court granted the motion and plaintiffs appeal.

General Municipal Law § 50-i (1) provides, in relevant part, that no action can be maintained against a town for personal injury, wrongful death or damage to real or personal property unless, *inter alia*, a notice of claim is timely filed upon the town. Contrary to plaintiffs' contention, this action is one for damage to personal property since conversion is the unauthorized assumption and exercise of the right of ownership over goods belonging to another to the exclusion of the owner's rights for which the usual measure of damages is the value of the property at the time and place of conversion, plus interest (*see, Vigilant Ins. Co. v Housing Auth.*, 87 NY2d 36, 44; *Fantis Foods v Standard Importing Co.*, 49 NY2d 317, 326). Plaintiff's reliance upon *DeBellis v Property Clerk of City of N. Y.* (168 AD2d 313, *affd* 79 NY2d 49) is misplaced since that matter did not involve a conversion cause of action, but was a special proceeding seeking a court order directing the property clerk to return seized property (*see, DeBellis v Property Clerk of City of N. Y.*, 79 NY2d 49, 55, *supra*). Accordingly, Supreme Court did not err in dismissing plaintiffs' complaint (*see, Matter of White v City of Mount Vernon*, 221 AD2d 345).

Casey, Peters, Spain and Carpinello, JJ., concur. Ordered that the order is affirmed, without costs.