■ In the Matter of RENEE WHITEHEAD, Respondent, v DISTRICT ATTORNEY OF COLUMBIA COUNTY, Appellant. [735 NYS2d 430] —Carpinello, J. Appeal from a judgment of the Supreme Court (Connor, J.), entered October 17, 2000 in Greene County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, to compel respondent to return a certain motor vehicle seized by the State Police and for respondent to pay towing and storage charges.

Petitioner owns an automobile which was seized in October 1999 in connection with an attempted murder investigation in Columbia County. At issue on appeal is a judgment of Supreme Court (186 Misc 2d 372) which ordered respondent to return this vehicle to petitioner, primarily because the indictment pertaining to that investigation (three counts of assault in the second degree) had been dismissed by County Court. Finding, as we do, that Supreme Court erred in granting the petition, we now reverse.

As of the commencement of this proceeding, the criminal matter in which the vehicle had been seized had not yet terminated, even though the indictment had been dismissed (see, Matter of DeBellis v Property Clerk, 79 NY2d 49, 56). Indeed, this Court reinstated the indictment on appeal (see, People v Gray, 284 AD2d 664). Since that criminal proceeding is extant and petitioner's automobile is potential evidence in the trial of that matter, Supreme Court erred in granting the petition (see, Matter of Marra v Hynes, 221 AD2d 539; see generally, Meegan v Tracy, 220 App Div 600; 23 NY Jur 2d, Conversion, and Action for Recovery of Chattel, § 104, at 422-425).

In light of this determination, we need not address respondent's remaining contention in support of reversal.

Cardona, P. J., Peters, Spain and Mugglin, JJ., concur. Ordered that the judgment is reversed, on the law, without costs, and petition dismissed.