OPINION OF THE COURT
John M. Leventhal, J.
The defendant moves to set aside the jury’s guilty verdict to depraved indifference murder as he claims the statute to be unconstitutional as applied to him. Additionally, defendant contends that his double jeopardy rights or collateral estoppel rights have been violated.
*615 In determining the motion, the court has considered the moving papers, exhibit, the affirmation in opposition, and the reply-affirmation.
On September 2, 2000 at 171 Knickerbocker Avenue, Brooklyn, New York, the dead body of the victim was found. The case was presented to the grand jury which voted not to indict the defendant for intentional murder but did indict him for depraved indifference murder.
The defendant was tried and convicted of depraved indifference murder. At trial, the medical examiner testified that death was caused by a combination of the beating of the victim and asphyxiation. The medical examiner could not determine the method of asphyxiation.
The defendant has not been sentenced.
After conviction, the defense counsel moved to set aside the verdict claiming that the defendant’s double jeopardy rights were violated by the fact that the grand jury voted not to indict him for intentional murder, and if he committed the acts for which he was convicted, it had to be intentional murder. After receiving the People’s response, counsel acknowledged that the Double Jeopardy Clause of the Constitution did not apply to grand jury proceedings and stated he was making a collateral estoppel argument. However, a few sentences later in his papers, counsel acknowledged that collateral estoppel does not apply to a grand jury vote of a “no true bill.”
For the reasons set forth in the defense counsel’s papers, the motion as it relates to double jeopardy and collateral estoppel is denied.
The defendant, in his papers, cites extensively from a Federal District Court decision in Jones v Keane (NYLJ, June 7, 2002, at 25, col 3). The federal court held that the New York reckless depraved indifference murder statute, as applied to the facts in Jones, violated equal protection because it is identical to simple reckless manslaughter and therefore could lead to discrimination.
The People oppose, claiming that this court is bound by the Court of Appeals decision in People v Sanchez (98 NY2d 373). In Sanchez the majority rejected Jones and its rationale.
The prosecution is correct in stating that this court is bound by the Court of Appeals decisions on federal constitutional issues as against any federal court except the United States Supreme Court (Lockhart v Fretwell, 506 US 364, 375 [Thomas, J., concurring]; Steffel v Thompson, 415 US 452, 482 n 3 *616 [Rehnquist, J., concurring]; United States ex rel. Lawrence v Woods, 432 US 1072, 1075-1076; DeBellis v Property Clerk of City of N.Y., 79 NY2d 49, 57; People v Kin Kan, 78 NY2d 54, 60; Alvez v American Export Lines, 46 NY2d 634, 638). However, the claim here is not one of general unconstitutionality, for which this court is in fact bound by stare decisis, but is a claim that the statute as applied to this defendant violates the Equal Protection Clause of the Constitution. No higher court has barred an “as applied” claim of equal protection. Indeed, the concept of “as applied” means that each case must be judged on an individual basis.
The court respectfully disagrees with the Jones court. The Jones court supplies no precedent for its legal proposition that merely because reckless manslaughter and depraved indifference murder are identical, their alleged identical elements violate constitutional equal protection. The United States Supreme Court in United States v Batchelder (442 US 114, 123-126; see also People v Eboli, 34 NY2d 281) has held that merely because two statutes are identical and there is a potential for abuse, an equal protection claim will not be available unless there is a showing of actual racial or other discrimination based upon a suspect classification.
There is no evidence in this case of racial or other form of discrimination. Thus no “as applied” equal protection claim is viable.
The court also disagrees with the Jones court that the Court of Appeals has merged reckless manslaughter with reckless depraved indifference murder. This court has never had any problems in differentiating these two different degrees of homicides and has in fact found that the petit jury also has been able to do so. In this court’s experience, juries have always acted properly in making the distinction between reckless manslaughter and reckless depraved indifference homicide. This court, however, has not experienced abuse by the prosecution or a jury in alleging or finding depraved indifference homicide where intentional homicide is warranted.
In this case, the beating and the act causing the asphyxiation clearly could have been reckless in light of the defendant’s statements that he lost control and could not think properly. There is nothing unreasonable or vague that would not give a reasonable person notice that these circumstances create a grave risk of death.
Accordingly, the motion is denied.