■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDGAR QUINONES, Appellant. [767 NYS2d 921]—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Kreindler, J.), rendered January 8, 2002, convicting him of robbery in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the evidence was legally insufficient to establish his guilt is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Udzinski,* 146 AD2d 245 [1989]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, resolution of issues of credibility, as well as the weight to be accorded the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses (*see People v Gaimari,* 176 NY 84 [1903]). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (*see People v Garafolo,* 44 AD2d 86 [1974]). Upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see* CPL 470.15 [5]).

The defendant's contention that his adjudication as a persistent violent felony offender violated his right to a jury trial is unpreserved for appellate review and, in any event, is without merit (*see People v Rosen,* 96 NY2d 329, 335 [2001], *cert denied* 534 US 899 [2001]). The case of *Brown v Greiner* (253 F Supp 2d 413 [2003], *superseded* 258 F Supp 2d 68 [2003]) does not hold to the contrary (*see Matter of DeBellis v Property Clerk of City of N.Y.,* 79 NY2d 49, 57 [1992]).

The sentence imposed was not excessive (*see People v Suitte,* 90 AD2d 80 [1982]). Santucci, J.P., Krausman, Cozier and Mastro, JJ., concur.