People v Merritt (2023 NY Slip Op 03954)

People v Merritt

2023 NY Slip Op 03954

Decided on July 27, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:July 27, 2023

113067
[*1]The People of the State of New York, Respondent,
v
Elisha E. Merritt, Appellant.

Calendar Date:May 31, 2023

Before:Garry, P.J., Clark, Pritzker, Reynolds Fitzgerald and Ceresia, JJ.

Elisha E. Merritt, Comstock, appellant pro se.
Weeden A. Wetmore, District Attorney, Elmira (Susan Rider-Ulacco of counsel), for respondent.

Ceresia, J.
Appeal from a judgment of the County Court of Chemung County (Richard W. Rich Jr., J.), rendered April 5, 2021, convicting defendant upon his plea of guilty of the crimes of criminal possession of a controlled substance in the third degree (two counts) and criminal possession of a weapon in the second degree.
Defendant was charged by indictment with two counts of criminal possession of a controlled substance in the third degree and one count each of criminal possession of a weapon in the second degree and criminal possession of a weapon in the third degree, following the recovery of, among other things, cocaine, drug paraphernalia, a loaded pistol and $7,000 in cash during the execution of a search warrant. The warrant was premised upon three controlled drug purchases by a confidential informant (hereinafter CI). Defendant moved to suppress the physical evidence seized and sought a Darden hearing. After holding the Darden hearing and making the relevant findings, County Court determined that the search warrant was supported by probable cause. In satisfaction of the indictment, defendant thereafter pleaded guilty to both counts of criminal possession of a controlled substance in the third degree and the single count of criminal possession of a weapon in the second degree, and was sentenced as a second felony offender to concurrent prison terms, the longest of which was nine years, followed by five years of postrelease supervision. Defendant appeals.
Defendant argues that County Court erred in finding that the search warrant was issued upon probable cause, as the information provided by the CI failed to meet the basis-of-knowledge prong of the Aguilar-Spinelli test. Assuming that this argument is properly before us, we find it to be without merit. "In order to establish probable cause for the issuance of a search warrant, the warrant application must demonstrate that there is sufficient information to support a reasonable belief that evidence of a crime may be found in a certain place" (People v Jackson, 206 AD3d 1244, 1245-1246 [3d Dept 2022] [internal quotation marks, brackets and citations omitted], lv denied 38 NY3d 1151 [2022]; see People v Oliver, 172 AD3d 1457, 1458 [3d Dept 2019], lv denied 34 NY3d 1080 [2019]). The search warrant application may rely upon information provided by a CI, "provided that it satisfies the two-part Aguilar-Spinelli test requiring a showing that the informant is reliable and has a basis of knowledge for the information imparted" (People v Cazeau, 192 AD3d 1388, 1388-1389 [3d Dept 2021] [internal quotation marks and citations omitted], lv denied 37 NY3d 963 [2021]). A CI's basis of knowledge may be established "through his [or her] own description of underlying circumstances personally observed . . . [or] by police investigation that corroborates the defendant's actions or that develops information consistent with detailed predictions by the informant" (People v Bigelow, 66 NY2d 417, 423-424 [1985]; see People [*2]v Tillie, 239 AD2d 670, 671 [3d Dept 1997], lv denied 91 NY2d 881 [1997]).
Against that backdrop, we begin by noting that the search warrant application indicates that it was accompanied by a sworn statement from the CI, describing the drug transactions in question. "Under such circumstances, a CI's reliability and the basis of his or her knowledge need not be assessed, as the statement is in and of itself sufficient to support the issuance of a search warrant" (People v Cowan, 177 AD3d 1173, 1175 [3d Dept 2019] [internal quotation marks and citations omitted], lv denied 34 NY3d 1127 [2020]). However, recognizing that the sworn statement is not contained in the record on appeal, we have reviewed the transcript of the Darden hearing, which reflects that the information provided to the police by the CI was based upon personal interactions with defendant, "the most reliable demonstration of the basis for a CI's knowledge" (id. [internal quotation marks, brackets and citation omitted]; see People v Patterson, 199 AD3d 1072, 1073 [3d Dept 2021], lv denied 37 NY3d 1163 [2022]), and was confirmed by police surveillance of the drug operations (see People v Jackson, 189 AD3d 1705, 1706 [3d Dept 2020], lv denied 36 NY3d 1098 [2021]; People v Mabeus, 63 AD3d 1447, 1452 [3d Dept 2009]).
Contrary to defendant's contention, the CI's basis of knowledge was not undermined by the fact that the CI did not actually enter the apartment during the controlled buys (see People v Pinchback, 82 NY2d 857, 858 [1993]; People v Vasquez-Mendez, 115 AD3d 593, 593 [1st Dept 2014], lv denied 23 NY3d 1026 [2014]; People v Harvey, 298 AD2d 527, 529 [2d Dept 2002]; People v Smith, 182 AD2d 854, 855-856 [3d Dept 1992], lv denied 80 NY2d 838 [1992]). A sufficient nexus to the apartment was established by the continuous surveillance of defendant as he left the apartment on each occasion, traveled directly to meet the CI, and sold to the CI what was later confirmed to be crack cocaine.
In view of the foregoing, County Court properly determined that the CI had an adequate basis of knowledge and that the search warrant was supported by probable cause. Defendant's remaining contentions are raised for the first time on appeal and are thus unpreserved for our review (see People v Hayward, 213 AD3d 989, 993 [3d Dept 2023]; People v Fort, 146 AD3d 1017, 1019 [3d Dept 2017], lv denied 29 NY3d 1031 [2017]).
Garry, P.J., Clark, Pritzker and Reynolds Fitzgerald, JJ., concur.
ORDERED that the judgment is affirmed.