Merritt v Elmira Police Dept. Prop. Clerk
2026 NY Slip Op 03480
June 4, 2026
Appellate Division, Third Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

Elisha Merritt, Appellant,
v
Elmira Police Department Property Clerk, Respondent. (Action No. 1.)
Weeden A. Wetmore, as Chemung County District Attorney, Respondent,
v
Elisha E. Merritt, Also Known as Elijha E. Merritt and Elija Merritt, Appellant. (Action No. 2.)

Decided and Entered:June 4, 2026
CV-23-1532
Calendar Date: April 29, 2026
Before: Clark, J.P., Aarons, Pritzker, Mackey And Corcoran, JJ.

Elisha Merritt, Romulus, appellant pro se.
John J. Ryan Jr., Corporation Counsel, Elmira (Jordan J. Yorke of counsel), for Elmira Police Department Property Clerk, respondent.
M. Hyder Hussain, County Attorney, Elmira (Jeffrey Walker of counsel), for Weeden A. Wetmore, respondent.

[*1]
Mackey, J.
Appeal from an order of the Supreme Court (Richard Rich Jr., J.), entered July 27, 2023 in Chemung County, which, among other things, dismissed the complaints.
During the execution of a search warrant, Elisha Merritt was found to be in possession of, among other things, cocaine, a firearm and $7,000. He was thereafter charged by indictment with, as is relevant here, criminal possession of a controlled substance in the third degree in violation of Penal Law § 220.16 (1). As so charged, it was alleged that Merritt had "knowingly and unlawfully possessed a narcotic drug . . . with the intent to sell" (see Penal Law § 220.16 [1]). He pleaded guilty to that charge, explicitly affirming that he was pleading guilty to possession of a controlled substance with an intent to sell same (see Penal Law § 220.16 [1]). This Court affirmed the judgment of conviction on subsequent appeal (see People v Merritt, 218 AD3d 1058, 1060 [3d Dept 2023], lv denied 40 NY3d 1093 [2024]).
In March 2023, while the criminal appeal was still pending, Merritt, pro se, commenced action No. 1 against defendant Elmira Police Department Property Clerk (hereinafter defendant) for replevin, pursuant to CPLR article 71, seeking the return of the $7,000 recovered during the execution of the search warrant.FN1 The following month, plaintiff Chemung County District Attorney (hereinafter the DA) commenced action No. 2 seeking civil forfeiture of the contested funds, asserting that same were proceeds from Merritt's underlying criminal activity. Given the then-pending appeal of Merritt's criminal conviction, Supreme Court determined that neither action was ripe and dismissed both complaints without prejudice. Merritt appeals, and we affirm.
A "property clerk should not be required to release property — where the predicate for release is termination of the criminal proceedings — until direct appeals have been exhausted" (Matter of DeBellis v Property Clerk of City of N.Y., 79 NY2d 49, 56 [1992]; see Rachles v Lugo, 199 AD2d 151, 151 [1st Dept 1993]). If a district attorney certifies that the property may be returned, however, that "would, of course, negate any such justification for continued detention of the property and would obligate the property clerk to return the property immediately unless a timely forfeiture proceeding is instituted" (Matter of DeBellis v Property Clerk of City of N.Y., 79 NY2d at 56; see People v DeProspero, 20 NY3d 527, 533 [2013]).
It is undisputed that Merritt's criminal appeal was pending before this Court at the time that he commenced the instant action. In this regard, we agree with defendant and the DA that, because the disputed $7,000 was evidence relevant to Merritt's conviction for criminal possession of a controlled substance in the third degree in violation of Penal Law § 220.16 (1) — which includes as a necessary element the intent to sell — the recovered funds might have been required for purposes of retrial, depending on this Court's decision on the underlying [*2]criminal appeal (see Matter of DeBellis v Property Clerk of City of N.Y., 79 NY2d at 56; Best Sound & Sec., Inc. v New York City Police Dept., 16 AD3d 528, 532 [2d Dept 2005], lv dismissed & denied 5 NY3d 877 [2005]; Matter of Whitehead v District Attorney of Columbia County, 289 AD2d 728, 728 [3d Dept 2001]). Moreover, the record reflects that defendant's responses to Merritt's repeated demands for the return of the recovered funds appropriately indicated that release of the funds was dependent upon the approval of the DA's office (see Matter of DeBellis v Property Clerk of City of N.Y., 79 NY2d at 56). Accordingly, Supreme Court properly concluded that the action was premature and, thus, did not err in dismissing Merritt's complaint.
Merritt's remaining contentions, to the extent properly before us, have been considered and found to be unpersuasive.
Clark, J.P., Aarons, Pritzker and Corcoran, JJ., concur.
ORDERED that the order is affirmed, without costs.

Footnotes

Footnote 1
Merritt also asserted a cause of action for conversion.